DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Erie County Court of Common Pleas which, following a jury trial, entered judgment, which was journalized on February 6, 2003, in favor of appellee[1] against appellant Deborah Saunders in the amount of $154,960 on appellee's complaint in foreclosure. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On appeal, appellant raises pro se the following assignments of error:
 {¶ 3} "1. The trial court lack [sic] subject matter jurisdiction because the Judge proceeded despite the objection that entity known as Southern Pacific Funding Corporation with its Indenture agreements had file [sic] bankruptcy under the Federal Code 11 U.S.C. 362 and that this court did not have the proper authorities represented in this case.
 {¶ 4} "2. The trial court erred in finding that Plaintiff met their [sic] burden of proof as to jurisdiction. As shown in the record the Judge (1) acknowledged that he did not have information as to bankruptcy rulings (2) required the defendant to provide the evidence in [sic] the jurisdiction issue and (3) that he proceeded regardless of a lack of evidence. A judge should not proceed in any action in which the judge does not have subject matter jurisdiction since he has no lawful authority to act.
 {¶ 5} "3. The trial court abused its discretion in not requiring Chase Manhattan Mortgage, (not Bank) incorporated in the (state) of California provide self-authenticating evidence that it was registered and licensed as a foreign entity and had the capacity to maintain an action in the trial court [sic]. Alternatively, that Chase Manhattan Mortgage, a Collection Agency is a federally funded corporation and exempt from licensing requirements. O.R.C. [sic] must comply with the Fair Collection Practices Act as a collector.
 {¶ 6} "4. The trial court abused its discretion and committed plain error when the evidence of limited power of attorney from Wells Fargo Mortgage to Chase Manhattan Mortgage was used to support a finding that were they authorized creditors and real parties of interest.
 {¶ 7} "5. The trial court error in judgment was due a genuine issue of material fact exists re: Civ.R. 56(B) [sic].
 {¶ 8} "6. The trial court abused its discretion under the circumstances. The attitude on the part of the trial court was unreasonable, arbitrary and unconscionable. The arbitrary attitude was far more than a difference of opinion but pure determination to proceed with this case to get it off the docket.
 {¶ 9} "7. The trial court gave [sic] erroneous judgment when the merits should not have been heard. Due to insufficient evidence to support a finding that this court had subject matter jurisdiction.
 {¶ 10} "8. The trial court erred when it determined in its opinion and judgment entry that the affirmative defense lacked merit since the trial court had insufficient evidence to support the finding of subject matter jurisdiction.
 {¶ 11} "9. The appellant received ineffective assistance of counsel. The benchmark for judging a claim of ineffectiveness must be whether counsel's conduct so undermined the proper functions of the adversarial process that the trial cannot be relied on [as] having produced a just result. Strickland v.Washington U.S. (1984) [sic].
 {¶ 12} "10. The trial court erred by permitting jury selection to go forward after the panel was tainted by extremely prejudicial statements made by a potential juror during Voir Dire, in violation of the Sixth and 14th amendment to the U.S. Constitution Section 10, Article 1 of the Ohio constitution.
 {¶ 13} "11. The trial court [sic] error in judgment in want of jurisdiction. When a superior court issues a rule of federal law, all lower courts are required to give it full retroactive effect in all cases which are pending on direct review. Matter of M4 Enterprises, In. 183BR. 981,984 (Bank v. N.D. GA 1995) (collecting cases) [sic].
 {¶ 14} "12. The trial court [sic] error was due [sic] genuine material issue of fact. CIV.R.(56)b [sic].
 {¶ 15} "13. The trial court error in its discretion by allowing the testimony of the collection agent."
 {¶ 16} Appellant argues in her first, second and eleventh assignments of error that the trial court lacked subject matter jurisdiction regarding this case. Specifically, appellant argues that the trial court lacked subject matter jurisdiction to proceed because "Southern Pacific Funding Corporation with its Indenture agreements had file[d] bankruptcy under the Federal Code 11 U.S.C. 362 and that this court did not have the proper authorities represented in this case." Appellant additionally argues that the trial court erroneously required her to provide evidence regarding the alleged bankruptcy because, she argues, appellee had the burden of proof to establish subject matter jurisdiction. Appellant further argues that appellee lacked evidence regarding the chain of title, which began with Liberty Lending, and ended with Chase Manhattan Mortgage ("Chase"). We disagree.
 {¶ 17} There is no evidence that appellee filed bankruptcy. Appellant argues that "Southern Pacific Funding Corporation" filed bankruptcy. It is not alleged, however, that "Southern Pacific Funding Corporation" holds the note for the subject property. Rather, appellee in this case is Norwest Bank Minnesota, N.A., as Trustee under that Certain Pooling 
Servicing Agreement dated as of September 1, 1997, for SouthernPacific Secured Assets Corporation, Mortgage Loan Asset-Backed Pass Through Certificates Series 1997-3, not "Southern Pacific Funding Corporation." As such, it would appear that appellant desires appellee to prove a nullity. In any event, even if we were to assume that Southern Pacific Secured Assets Corporation was in bankruptcy, we note that, in general, the filing of a bankruptcy case triggers an injunction against the continuance of any action by any creditor against the debtor or the debtor's property. See 11 U.S.C. 362. We are not faced with such a situation and find that appellant failed to establish how Southern Pacific being in bankruptcy would serve to protect her from a foreclosure action.
 {¶ 18} We further find appellant's argument regarding the chain of title lacks merit. Chase was not the real party in interest, Chase was merely a loan servicer. Appellee was not required to include Chase as a party plaintiff and did not need to establish a chain of title leading to Chase.
 {¶ 19} Pursuant to R.C. 2305.01, "[t]he court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners." We find that appellant has failed to raise any justiciable issues with respect to the trial court's jurisdiction over the within foreclosure action against appellant. Accordingly, we find appellant's first, second, and eleventh assignments of error not well-taken.
 {¶ 20} Appellant argues in her third assignment of error that the trial court abused its discretion by not requiring Chase to "provide self-authenticating evidence that it was properly filed and recorded as a registered licensed foreign entity; that held the capacity to maintain an action in the trial court." Appellant also argued that the trial court abused its discretion in not requiring Chase, a collection servicing agency, to prove that it is a federally funded corporation, exempt from licensing requirements, and complies with R.C. Chapter 1702 and the Fair Collection Practices Act.
 {¶ 21} R.C. Chapter 1702 does not support appellant's argument. As such, we find that appellant failed to establish that Chase had to prove those items which appellant alleges were required. Moreover, appellee, not Chase, was the real party in interest. Hence, even pursuant to appellant's rationale, insofar as Chase was not a party, it would not be required to establish that it had the capacity to maintain an action in the trial court. Regardless, appellant failed to raise her arguments before the trial court.
 {¶ 22} Where no timely objection was made, a jury verdict in a civil action will not be reversed absent a showing of plain error. See Gable v. Village of Gates Mills (2003),103 Ohio St.3d 449, ¶ 43. A verdict will only be overturned in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfussv. Davidson (1997), 79 Ohio St.3d 116, 122-123. The case before us is not such a case. Accordingly, we find appellant's third assignment of error not well-taken.
 {¶ 23} Appellant argues in her fourth assignment of error that the trial court abused its discretion by allowing introduction of evidence regarding a limited power of attorney between Wells Fargo Mortgage[2] and Chase in an attempt "to deceptively misled [sic] the jury in believing that they were the authorized creditors and real parties of interest to maintain the cause of action." We find that appellant failed to properly identify the evidence to which she objects. Moreover, as held above, appellee, not Chase, is the real party in interest and, as such, Chase could not have misled the jury on this issue. Accordingly, we find appellant's fourth assignment of error not well-taken.
 {¶ 24} Appellant argues in her fifth and twelfth assignments of error that the trial court erroneously entered judgment against appellant because genuine issues of material fact existed. In support of her argument, appellant relies on Civ.R. 56(B). This case was disposed of pursuant to jury trial and not summary judgment. Accordingly, we find appellant's fifth and twelfth assignments of error not well-taken.
 {¶ 25} Appellant argues in her sixth assignment of error that the trial court abused its discretion and demonstrated an attitude that was "unreasonable, arbitrary and unconscionable." Appellant argues that the trial court was determined to proceed with the case to "get it off the docket." Additionally, appellant argues that the court proceeded on the issue of subject matter jurisdiction without getting discovery on the issue, it allowed appellee to make calls to California and receive faxes regarding the issue of jurisdiction, and allowed the use of the materials received when they had not been time stamped. Appellant further argues that the trial court "was arbitrary confused the lineage of companies involved and repeated over over again the wrong Company (Chase Mtg) as the creditor as a reinforcement to the jury [sic]," instructed the jury to consider all the facts "when not all of the facts were accurately presented to them," and "plainly overlooked" appellee's assertion that he, appellant's counsel, and the trial judge, were in conflict and that appellant's counsel should be removed.
 {¶ 26} We find that appellant's arguments contained in her sixth assignment of error do not demonstrate that the trial court's attitude was unreasonable, arbitrary or unconscionable. With respect to the trial court's management of its docket, we find that trial courts are granted enormous discretion in managing their own dockets. Guy Trucking, Inc. v. Domer, 6th Dist. No. WD-03-077, 2004-Ohio-4269, at ¶ 27. Trial court's also have broad discretion in managing discovery. Zestos v.Powertrain Div., 3d Dist. No. 4-01-29, 2002-Ohio-5096, at ¶ 18. An appellate court will not reverse a trial court's decision on these matters absent a showing of an abuse of that discretion. In order to establish an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256.
 {¶ 27} Appellant has failed to establish that there was any reason to delay the trial further. As such, we find that appellant failed to establish that the trial court abused its discretion in proceeding to trial.
 {¶ 28} With respect to the gathering of discovery relative to the issue of jurisdiction, we find that the trial court was within its sound discretion to gather as much information as it deemed necessary to render its decision, which, incidentally, does not have to be time-stamped when introduced during trial proceedings. Moreover, as discussed above, we find that the trial court did have subject matter jurisdiction and, as such, did not abuse its discretion in proceeding with the trial.
 {¶ 29} With respect to appellant's argument that the trial court confused the identity and lineage of the companies involved, we find that although the trial court needed clarification regarding the fact that Chase was merely a loan servicer, and not the holder of the note, the trial court never misstated to the jury the identity of the real parties in interest. With respect to the trial court's instruction that the jury consider all the facts, we find that such an instruction is proper and the giving of such an instruction is not an abuse of discretion. Any failure to present all relevant facts for the jury's consideration falls to appellant. Finally, upon a review of the record, we find that appellant's argument regarding the conflict between counsel is unfounded.
 {¶ 30} Accordingly, we find that none of the trial court's actions asserted by appellant demonstrate an abuse of discretion on behalf of the trial court. Appellant's sixth assignment of error is therefore found not well-taken.
 {¶ 31} Appellant argues in her seventh assignment of error that the merits should not have been heard because there was insufficient evidence to support a finding that the trial court had subject matter jurisdiction. Based on our finding that the trial court had subject matter jurisdiction, we find appellant's seventh assignment of error not well-taken.
 {¶ 32} In her eighth assignment of error, appellant argues that the trial court erred when it determined that "the affirmative defense lacked merit since the trial court had insufficient evidence to support the finding of subject matter jurisdiction." Again, insofar as we find that the trial court had subject matter jurisdiction, we find appellant's eighth assignment of error not well-taken.
 {¶ 33} In her ninth assignment of error, appellant argues that she received ineffective assistance of counsel. "[A] civil litigant has no constitutional right to the effective assistance of counsel." Goldfuss v. Davidson, 79 Ohio St.3d at 126. Accordingly, we find appellant's ninth assignment of error not well-taken.
 {¶ 34} Appellant argues in her tenth assignment of error that the trial court erred by permitting jury selection to go forward after the panel was tainted by extremely prejudicial statements made by a potential juror during voir dire. Appellant fails to indicate what statements made by Juror McCloskey were prejudicial. Nevertheless, to the extent that appellant is referring to the juror's statement that he may have heard something negative about appellant, we find that such a statement, without further details regarding the nature of the negative statements, was not prejudicial. The juror was not even sure if appellant was the person about whom he had heard negative comments. Regardless, the juror stated that he did not have any information about appellant which would cause him not to be fair and impartial. Based on these circumstances, we find appellant's tenth assignment of error is not well-taken.
 {¶ 35} Finally, appellant argues in her thirteenth assignment of error that the trial court erred in allowing Karen Blanc to testify regarding the content of the records provided by appellee, since she was a foreclosure clerk at Chase and not appellee's legal officer. We disagree. Blanc was a foreclosure supervisor with Chase and testified that she had personal knowledge regarding appellant's note. We find that she was certainly qualified to give testimony in this case. Accordingly, we find appellant's thirteenth assignment of error not well-taken.
 {¶ 36} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J. Concur.
[1] Appellee is Norwest Bank Minnesota, N.A., as Trustee under that Certain Pooling Servicing Agreement dated as of September 1, 1997, for Southern Pacific Secured Assets Corporation, Mortgage Loan Asset-Backed Pass Through Certificates Series 1997-3.
[2] Appellee merged with Wells Fargo Bank and thereafter changed its name to Wells Fargo.