OPINION
{¶ 1} Defendant-appellant, Troy J. Doucet ("Doucet"), appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Deutsche Bank National Trust Co. ("Deutsche Bank") in the foreclosure action against him. For the following reasons, we affirm that judgment.
 {¶ 2} Despite the volume of pleadings filed herein, this case is relatively simple-Deutsche Bank was the holder of a mortgage deed securing payment of a note ("the *Page 2 
Note") signed by Doucet, whose default on same, caused Deutsche Bank to initiate a foreclosure action.
 {¶ 3} Deutsche Bank moved for summary judgment, which the trial court granted on March 26, 2007. That decision was journalized in an entry on May 2, 2007. Doucet filed a motion for relief from judgment pursuant to Civ.R. 60(B) on May 14, 2007, as well as a motion to stay enforcement of judgment pursuant to Civ.R. 62. On May 31, 2007, Doucet filed a notice of appeal from the final judgment entered by the trial court on May 2, 2007. On June 8, 2007, the trial court issued a decision denying Doucet's motion for relief from judgment and motion to stay enforcement of judgment, and journalized its entry on June 18, 2007.
 {¶ 4} On appeal, Doucet asserts the following 12 assignments of error:
 Assignment of Error No. 1:
 The trial court erred in granting the plaintiff-appellee summary judgment when it found no genuine issues of material fact existed, because a genuine issue of material fact exists concerning whether the plaintiff-appellee is the party with standing to bring the claim.
 Assignment of Error No. 2:
 The trial court erred by finding the Allonge To Note attached to the plaintiff-appellee's motion for summary judgment did not constitute a genuine issue of material fact.
 Assignment of Error No. 3:
 The trial court erred by finding the plaintiff-appellee met its obligations under the Mortgage and Note in respect to serving the defendant-appellant with notice it intended to accelerate the mortgage and note. *Page 3 
 Assignment of Error No. 4:
 The trial court erred by ruling judicial estoppel did not apply.
 Assignment of Error No. 5:
 The trial court erred by failing to state the facts upon which summary judgment was granted in considering the second amended motion to reconsider.
 Assignment of Error No. 6:
 The trial court erred in granting a deficiency judgment to the plaintiff.
 Assignment of Error No. 7:
 The court erred in denying the appellant's motion to add a party to the action.
 Assignment of Error No. 8:
 The trial court erred by finding there are no genuine issues of material fact as to the validity of the Mortgage and Note.
 Assignment of Error No. 9:
 The trial court erred in denying the appellant's motion to compel discovery.
 Assignment of Error No. 10:
 The trial court abused its discretion in denying the appellant's motion to unconditionally stay the execution of judgment.
 Assignment of Error No. 11:
 The trial court erred when it did not grant the appellant's motion to reconsider.
 Assignment of Error No. 12:
 The trial court erred because plaintiff-appellee is not entitled to summary judgment and genuine issues as to material facts exist. *Page 4 
 {¶ 5} At the outset, we note the record is void of a separate notice of appeal regarding the trial court's judgment entered on June 18, 2007, which denied Doucet's motion for relief from judgment and motion to stay enforcement of judgment. Thus, to protect his appellate rights, Doucet was required to file a notice of appeal regarding those judgments no later than 30 days after their journalization. See App.R. 3; App. R. 4. The timely filing of a notice of appeal under App.R. 4(A), within 30 days of the entry of the judgment or order, is jurisdictional. Because Doucet failed to file a timely notice of appeal regarding the court's judgments entered on June 18, 2007, we are without jurisdiction to consider Doucet's fourth, fifth, tenth, and eleventh assignments of error, and, as such, we must overrule same.[1]
 {¶ 6} We will address Doucet's first, second, eighth, and twelfth assignments of error together as they are interrelated and challenge the trial court's grant of summary judgment in favor of Deustche Bank.
 {¶ 7} Pursuant to Civ.R. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "genuine issue" has been described as a triable, substantial or real issue of fact and as one which can be maintained by substantial evidence. Blair v. Harmon (Nov. 13, 1996), Hamilton App. No. C-960093. See, also, Cleveland Clinic Found. v.Commerce Group Benefits, Inc., Cuyahoga App. No. 79907, *Page 5 
2002-Ohio-1414 (finding the word "genuine" to mean sincere or void of dishonesty). A court shall not render summary judgment unless it appears from the aforementioned evidence that reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C);State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181.
 {¶ 8} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher v.Burt (1996), 75 Ohio St.3d 280, 293; Coventry, supra, at 41-42.
 {¶ 9} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher, supra, at 292.
 The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the *Page 6 
nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293. (Emphasis sic.)
 {¶ 10} The gravamen of Doucet's argument is that Deutsche Bank has failed to establish that it is the real party in interest, and, therefore, does not have standing to maintain the instant action. He also contends that several issues of material fact exist, including, but not limited to, the validity of the mortgage and the Note, and the existence of other parties who may be the "real" parties in interest, which render summary judgment inappropriate.
 {¶ 11} In its motion for summary judgment, Deutsche Bank asserted that it had standing to bring the instant action because it was the holder of the Note, and, therefore, it was the real party in interest. Deutsche Bank attached the Note to its motion for summary judgment. The Note indicates that the original lender was SouthStar Funding, LLC ("SouthStar"), and its terms provide that the Note could be assigned or transferred without prior notice, and changes of the loan servicer could occur unrelated to the sale of the Note. Attached to Deutsche Bank's motion for summary judgment was an assignment of real estate mortgage, which evidences SouthStar's transfer of the Note to Deutsche Bank. In addition to those documents, Deutsche Bank supported its motion with a copy of the original Title Commitment it had previously filed with the court, as well as a copy of the updated Title Commitment; both of which disclose that SouthStar was the only party with a recorded interest, which Deutsche Bank succeeded to by assignment. Deutsche Bank also submitted the affidavit of Kelly May ("May"), who indicated that she was testifying from personal knowledge and from her knowledge from *Page 7 
business records kept in the ordinary course of business in this case. According to May's affidavit, she is responsible for supervising the service of the Note and mortgage at issue, Doucet defaulted on the Note, as a result of which, the balance due and owing has been accelerated.
 {¶ 12} Construing the evidence most strongly in Doucet's favor, we find that Deutsche Bank established that: (1) it was the holder of the Note by way of assignment from SouthStar; (2) Doucet defaulted on the Note; (3) Deustche Bank had standing to commence foreclosure proceedings; and (4) Deutsche Bank joined all necessary parties. Thus, Deutsche Bank discharged its initial burden of informing the trial court of the basis of its motion for summary judgment, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of appellant's claim. Dresher, supra, at 292.
 {¶ 13} Thereafter, the burden shifted to Doucet to demonstrate specific facts to show that there is a genuine issue for trial. The record discloses that there is no credible evidence supporting Doucet's protestations. Doucet has failed to produce any evidence that refutes Deutsche Bank's position that it is the holder of the Note. Doucet has provided no actual evidence that the explanation for the chain of ownership set forth by Deutsche Bank is somehow incorrect or has been fabricated. We also find that Doucet's self-serving affidavit, which was not corroborated by any evidence, is insufficient to establish the existence of material issues of fact. Fifth Third Bank v.Jones-Williams, Franklin App. No. 04AP-935, 2005-Ohio-4070, at ¶ 27; see, also Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88 ("Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit *Page 8 
containing nothing more than bare contradictions of the evidence offered by the moving party.").
 {¶ 14} Based on the foregoing, we find Doucet has not satisfied his reciprocal burden as the nonmoving party to identify evidence to demonstrate that any genuine issue of material fact that must be preserved for trial. Accordingly, we overrule Doucet's first, second, eighth, and twelfth assignments of error.
 {¶ 15} In his third assignment of error, Doucet contends that Deutsche Bank failed to serve him with notice that it intended to accelerate the mortgage and the Note because it did not become the holder until after Countrywide Home Loans ("Countrywide"), the servicer of the loan, sent him a "Notice of Default and Acceleration" ("the Notice"). Doucet's argument is without merit, as the Notice clearly provides Countrywide "services the home loan described above on behalf of the holder of the promissory note" ("the Noteholder"). (Emphasis added). Deutsche Bank itself did not have to provide notice to Doucet given its status as a successor in interest. As such, Doucet's third assignment of error is overruled.
 {¶ 16} In his sixth assignment of error, Doucet asserts that the trial court erred in granting Deutsche Bank a deficiency judgment, which "is contrary to the permanent injunction created by [Doucet's] bankruptcy[,]" (Doucet's brief at 32.) In advancing this argument, Doucet misunderstands the trial court's decision. The trial court did not grant Deutsche Bank a deficiency judgment but, rather, ordered that unless Doucet paid the sums due and owing to Deutsche Bank within three days of the filing of the judgment, then "the equity of redemption of all Defendants in said real estate shall be foreclosed *Page 9 
and the real estate shall be sold." (Second Amended Judgment Decree in Foreclosure, May 2, 2007, at 3.)
 {¶ 17} It is well-established that "[d]ischarge in bankruptcy removes personal liability from the note, but the mortgage remains effective as security on the note." Bank One, NA v. Dillon, Cuyahoga App. No. 04CA008571, 2005-Ohio-1950, at ¶ 10, citing Seabrooke v. Garcia (1982),7 Ohio App.3d 167, 168 and paragraph three of the syllabus ("A mortgage lien is not affected by the discharge in bankruptcy of the underlying debt."). Therefore, Deutsche Bank is entitled to pursue its action in rem for the foreclosure of the mortgage lien. As Doucet's contention on this basis is without merit, we overrule his sixth assignment of error.
 {¶ 18} In his seventh assignment of error, Doucet contends that the trial court erred by failing to join EMC Mortgage Corporation ("EMC") as a party under Civ.R. 19. According to Doucet, he "believes that EMC is the owner of the second Mortgage and Note, being the assignor from SouthStar Funding." (Doucet's brief at 34.) Doucet, however, is mistaken in his belief. Deutsche Bank is the holder of the Note; EMC is merely the loan servicer. As such, EMC was not required to be joined as a party plaintiff in this case. See, e.g., Mortgage Elec. Registration Sys. v.Akpele, Summit App. No. 21822, 2004-Ohio-3411, at fn. 2. ("Furthermore, the determination that Mortgage Electronic is the proper holder negates any need for additional parties and moots any argument that the plaintiff failed to join necessary parties."); Norwest Bank Minn., N.A.v. Alex-Saunders, Erie App. No. E-03-007, 2004-Ohio-6883. That conclusion is further buttressed by the fact that EMC does not have a recorded interest. See Title of Commitment filed April 26, 2006; Updated Title Commitment filed July 11, 2006. *Page 10 
Accordingly, the trial court did not err in denying Doucet's motion, and his seventh assignment of error is overruled.
 {¶ 19} In his ninth assignment of error, Doucet contends that the trial court erred in denying his motion to compel discovery. A trial court's decision on a motion to compel discovery is within its broad discretion and will not be reversed absent an abuse of such discretion.Stewart v. Seedorff (May 27, 1999), Franklin App. No. 98AP-1049. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 20} In this case, the trial court denied Doucet's motion to compel because it found: (1) Doucet had failed to comply with Civ.R. 37(E); and (2) Doucet failed to show that he was entitled to the discovery requested. Civ.R. 37(E) provides, "[b]efore filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section." This court had held that a trial court does not err in denying a motion to compel when the moving party has failed to comply with the requirements of Civ.R. 37(E). See 513 EastRich Street Co. v. McGreevy, Franklin App. No. 02AP-1207, 2003-Ohio-2487, at ¶ 11, citing Briggs v. Glenbeigh Health Servs. (Nov. 30, 2000), Cuyahoga App. No. 77395 (affirming denial of motion to compel where movant failed to informally resolve dispute).
 {¶ 21} Here, Doucet's motion contains no recitation whatsoever of the efforts made to resolve the matter prior to seeking court intervention. And, although Doucet did *Page 11 
respond to Deutsche Bank's argument regarding this issue in his reply brief, we agree with the trial court's assessment that the email correspondence attached to his reply brief from Deutsche Bank's counselto Doucet regarding his outstanding discovery requests does not suffice. Upon review of the record, we find no abuse of discretion by the trial court in denying Doucet's motion to compel discovery, and we overrule his ninth assignment of error.
 {¶ 22} In summary, having overruled all of Doucet's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and TYACK, JJ., concur.
[1] Even if we had jurisdiction to consider these assignments of error, a review of same discloses that the trial court did not err in denying Doucet's motions. *Page 1