[Cite as *Patterson v. Licking Twp.*, 2017-Ohio-5803.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| CHARLES S. PATTERSON | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| LICKING TOWNSHIP | : | | Case No. 17-CA-3 |
| | : | | |
| Defendant - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County
                                Municipal Court, Case No. 16-CVF-
                                01724


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               July 11, 2017


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

VALERIE K. WIGGINS                      PATRICK KASSON
Wiggins Law Office                      JACKIE JEWELL
107 S. Main Street                      Reminger Co., LPA
New Lexington, Ohio 43764               200 Civic Center Drive, Suite 800
                                        Columbus, Ohio 43215


MILES D. FRIES
Gottlieb, Johnston, Beam, & Dal Ponte, PLL
320 Main Street, P.O. Box 190
Zanesville, Ohio 43702-0190

*Baldwin, J.*

{¶1}    Plaintiff-appellant Charles S. Patterson appeals from the December 14, 2016 Entry of the Licking County Municipal Court granting the Motion for Summary Judgment filed by defendant-appellee Licking Township.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant Charles S. Patterson began his employment with appellee Licking Township in November of 1994. Appellee's Personnel Policies and Procedures, which was issued in January of 2004, stated, in Section 1.12 captioned "Disclaimer", as follows "Information included in these personnel policies and procedures, classification plan, compensation plan, and performance evaluation system are not to be considered a contract and may be changed by the Board of Trustees without notice."  At the time, Section 7.8, captioned "Sick Leave", provided as follows: "Sick leave with pay will be available to full time employees up to 15 days per year with a maximum accumulation of 45 days per year. At the end of the calendar year the employee can be paid up to 15 sick days, if the days are available."

{¶3}    Section 7.8 of the Licking Township Personnel Policy was amended in 2011 to state as follows: "Sick leave with pay will be available to full time employees up to 15 days per year with a maximum accumulation of 45 days per year. If none of the 15 days are used, a $500 payment will be paid to each respective full time employee at the end of each year."

{¶4}    In December of 2010, appellant was paid $2,040.00 for 120 hours of unused sick leave.  In December of 2011, 2012, 2013, 2014 and 2015, he was paid a $500.00 bonus for non-use of sick leave.

**{¶5}** Appellant retired on February 1, 2016 and sought to be paid for 45 sick days that he had accumulated, for a total of $6,600.00.  After appellee refused to compensate him, appellant, on August 19, 2016, filed a complaint against appellee for breach of contract, unjust enrichment, promissory estoppel and waiver. Appellee filed an answer to the complaint on September 16, 2016.

**{¶6}** Thereafter, appellee, on October 21, 2016, filed a Motion for Summary Judgment. Appellant filed a response to the same on November 10, 2016. As memorialized in an Entry filed on December 14, 2016, the trial court granted the motion.

**{¶7}** Appellant now appeals from the trial court's December 14, 2016 Entry, raising the following assignment of error on appeal:

**{¶8}** THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT WHILE CLEAR ISSUES OF MATERIAL FACT STILL EXISTED.

I

**{¶9}** Appellant, in his sole assignment of error, contends that the trial court erred in granting summary judgment in favor of appellee. We disagree.

**{¶10}** Civil Rule 56(C) states, in pertinent part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶11} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

{¶13} As is stated above, appellant maintains that appellee breached its contract with him by refusing to pay him for 45 days of unused sick leave. "In order to succeed on a breach of contract claim, the plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his obligations; (3) the defendant breached his obligations; and (4) damages resulted from this breach. *Chaney v. Ramsey,* 4th Dist. No. 98CA614, 1999 WL

217656, (Apr. 7, 1999), citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2nd Dist.1994).

{¶14} However, appellee's Personnel Policy, in Section 1.12, specifically disclaims any contractual relationship between appellee and any employee and allows appellee to modify the policy without notice. The only policy regarding sick pay stated at the time of appellee's retirement  that "[i]f none of the 15 days are used, a $500 payment will be paid to each respective full time employee at the end of each year."  Appellant was paid $500.00 for his unused 15 sick days at end of 2011 through 2015 in accordance with the 2011 policy. There is nothing in such policy that would entitle appellant to compensation for 45 days of accumulated sick pay.

{¶15}  Moreover, as noted by appellee, in December of 2010, appellant was paid $2,040.00 for 120 hours of unused sick time for the 2010 calendar year, which equated to 15 days of unused sick time, in accordance with the 2004 policy. Appellant, therefore, has never been paid for 45 accumulated sick days under either version of appellee's personnel policy because such a policy does not exist.

{¶16} Appellant, in support of his argument that appellee had a policy of paying retirees for their accumulated sick leave, points to the affidavit attached to his reply to appellee's Motion for Summary Judgment. Appellant, in his affidavit, stated, in relevant part, as follows: "9. The Defendant has compensated at least one other employee for his accumulated paid sick leave at the time of that employee's retirement."  However, as noted by the court in *Bank of New York v. Bobo,* 4th Dist. Athens No. 14CA22, 2015-Ohio-4601, 50 N.E.3d 229 at paragraph 13:

A self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. *Wells Fargo Bank v. Blough,* 4th Dist. Washington No. 08CA49, 2009-Ohio-3672, 2009 WL 2220065, ¶ 18; *Deutsche Bank Natl. Trust Co. v. Doucet,* 10th Dist. Franklin No. 07AP–453, 2008-Ohio-589, 2008 WL 384234, ¶ 13 ("We also find that Doucet's self-serving affidavit, which was not corroborated by any evidence, is insufficient to establish the existence of material issues of fact."). " 'To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate the early assessment of the merits of claims, pre-trial dismissal of meritless claims and defining and narrowing issues for trial.' " [Internal quotations omitted.] *Blough* at ¶ 18, quoting *McPherson v. Goodyear Tire & Rubber Co.,* 9th Dist. Summit No. 21499, 2003-Ohio-7190, 2003 WL 23094976, ¶ 36.

**{¶17}** Appellant has not corroborated his affidavit with any evidence. We find that appellant has failed to show that there is a genuine issue of material fact with respect to his breach of contract claim against appellee and that the trial court did not err in granting summary judgment in favor of appellee.

**{¶18}** Appellant has also asserted claims against appellee for unjust enrichment, equitable estoppel and wavier. However, "the doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is engaged in a governmental function." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716 at paragraph 16. Moreover, under Ohio law,

a political subdivision cannot be bound by a contract "unless the agreement is in writing and formally ratified through proper channels." *Schmitt v. Educational Serv. Ctr. Of Cuyahoga Cty.,* 8th Dist. No. 97605, 2012–Ohio–2208, 970 N.E.2d 1187 at paragraph 18. Consequently, a political subdivision cannot be liable based on theories of implied or quasi contract. *Id.*

{¶19} R.C. 2744.01(F) defines a political subdivision as including a township. Thus, appellee is a political subdivision. The issue thus becomes whether or not appellee was engaged in a governmental function. Pursuant to R.C. 2744.01(C)(2)(x), a governmental function includes a "function that the general assembly mandates a political subdivision to perform." R.C. 511.10 states, in relevant part, that "[*t]he board of township trustees may appoint such superintendents, architects, clerks, laborers, and other employees as are necessary and fix their compensation.*" The fixing of township employees' compensation is thus a governmental function because it is a function that the general assembly mandates the township to perform. We find, therefore, that appellee, a political subdivision, was engaged in a governmental function and that appellant's unjust enrichment, equitable estoppel and waiver claims fail as matter of law.

{¶20} Appellant, in his brief, also argues that appellee violated his right to due process by "creat[ing] a policy of compensating retirees for their accumulated and unused sick leave" and then treating him differently than other similarly situated retirees. It is axiomatic that a litigant's failure to raise an issue in the trial court waives his right to raise that issue on appeal. *See State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus. Appellant did not specifically raise the issue of due process in the trial court. Moreover, while appellant contends that he did raise such issue by

stating, in his affidavit, that "[t]he Defendant has compensated at least one other employee for his accumulated paid sick leave at the time of that employee's retirement," we find that appellant has failed to produce any evidence or authority in support of his claim.

**{¶21}** Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellee.

**{¶22}** Appellant's sole assignment of error is, therefore, overruled.

**{¶23}** Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.