OPINION
{¶ 1} Defendants-appellants, Deborah A. Jones-Williams and E. Paul Jones ("appellants"), appeal from the June 23, 2004 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellee, Fifth Third Bank, successor in interest to State Savings Bank ("appellee"). For the reasons that follow, we affirm.
 {¶ 2} Appellee initiated the instant foreclosure action on April 1, 2003, naming appellants; United States of America, Department of the Treasury, Internal Revenue Service; Modern Finance Company; State of Ohio Department of Taxation; and the Franklin County Treasurer as defendants. In its complaint, appellee alleged that on July 30, 1991, appellants executed an adjustable rate promissory note for the principle sum of $100,000, and a mortgage deed to secure the note. Appellee further asserted it was the owner and holder of the note appellants signed, a sum of $91,475.64 plus interest was due, that the note was in default, and that appellee was the holder of the mortgage deed securing payment of the note. Attached to the complaint were copies of the mortgage deed, promissory note, and a document entitled "NOTICE PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT."
 {¶ 3} On August 12, 2003, appellants filed a response to appellee's complaint entitled "Memorandum Contra of Defendants Deborah A. Jones-Williams and E. Paul Jones to Plaintiff Fifth Third Bank" (hereinafter referred to as "answer").[1]
Therein, appellants asserted various defenses and allegations to appellee's claims, including, inter alia: (1) the mortgage attached to appellee's complaint is a copy of a "forged, cut and paste, or altered document and is thus classified as hearsay"; (2) appellants' prior use of the account does not constitute an agreement with or acceptance of the terms and conditions of the alleged agreement; (3) appellee defaulted on the loan agreement while appellants were in good standing and current on all payments; (4) appellee violated the Fair Debt Collection Practices Act, Section 1692a et seq., Title 15, U.S. Code ("FDCPA"). Appellants also filed memorandum contra in opposition to each of the co-defendants answers, yet did not assert any cross-claims against them.
 {¶ 4} On January 7, 2004, appellee moved for summary judgment, arguing that no genuine issue of material fact existed for trial with regard to their claims. In support of its motion for summary judgment, appellee attached a copy of the note and mortgage, and the affidavit of Stacy Dooley ("Dooley"), a representative of appellee. Dooley stated that appellee was the holder of a promissory note executed by appellants, the note was secured by a mortgage, and the note was in default. Appellants filed a memorandum contra to appellee's motion for summary judgment on January 16, 2004. Therein, appellants reiterated the defenses stated in their answer. In addition, appellants alleged: (1) their property is immune from collateral attack due to the execution of a land patent; (2) Dooley has failed to demonstrate she has personal knowledge regarding appellee's record-keeping system; (3) appellee's threat to take the property if monthly payments were not made was extortion; (4) appellee violated R.C.1302.67; and (5) the lack of an original agreement creates a genuine issue as to the authenticity of the original document.
 {¶ 5} In support of their motion for summary judgment, appellants submitted copies of the following: (1) a letter to Paul Jones and Deborah Ann Jones-Williams from Todd-Ellis; Swanson dated March 5, 2003; (2) a letter dated July 6, 2003, to Ms. Deborah A. Jones-Williams from Linda E. Surber-Slayback entitled NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT; (3) the foreclosure complaint with attached exhibits; (4) a letter dated July 30, 2003, to Linda E. Surber-Slayback from E. Paul Jones; (5) a quitclaim deed recorded January 22, 1996; (6) a document entitled "Declaration of Land Patent" dated January 20, 1996; (7) a document entitled "Declaration of Homestead" dated January 20, 1996; (8) a land patent dated February 3, 1807; (9) a copy of a letter dated January 23, 1996, to State Savings Bank from Deborah Ann Jones-Williams; and (10) the affidavit of appellant E. Paul Jones ("Jones affidavit.") The Jones affidavit provided in relevant part:
3. I attended a meeting on July 30, 1991 at State Savings Bank, 2931 E. Dublin-Granville Rd., Columbus, Ohio for the purpose of finalizing a loan agreement. The true nature of the transaction was never disclosed at this meeting, or at any other time by State Savings or Fifth Third Bank.
4. The only people present at this meeting with me were my wife, Deborah A. Jones-Williams, and Paul M. Thompson.
5. Fifth Third Bank's EXHIBIT A., the ADJUSTABLE RATE PROMISSORY NOTE, and EXHIBIT B, the OPEN-END MORTGAGE agreement, do not bear the bona fide signatures of E. Paul Jones and Deborah A. Jones-Williams. The OPEN-END MORTGAGE has been altered, notarized and recorded without our knowledge.
6. There currently exists no valid mortgage or lien on the property located at 149 Eastcherry Avenue, Gahanna, Ohio.
 {¶ 6} Appellee filed a "Sur-Reply" in support of its motion for summary judgment on February 19, 2004. Therein, appellee argued appellants misapplied the law to the facts of the instant matter. In support of its Sur-Reply, appellee attached a notice from the Board of Governors of the Federal Reserve System regarding debt elimination scams.
 {¶ 7} On March 16, 2004, appellants propounded their requests for production of documents and interrogatories on appellee. On April 5, 2004, pursuant to Civ.R. 26(C), appellee moved the court for a protective order with respect to appellants' requested discovery. Appellee argued that completing the requested discovery would be unduly burdensome. Appellants subsequently filed a motion to compel discovery, arguing appellee failed to show good cause why the court should grant the motion for a protective order. The court granted appellee's motion for a protective order and denied appellants' motion to compel. Relying on Civ.R. 26(C), the court found that requiring appellee to answer the requested discovery would be "annoying" and "unduly burdensome" because it was "clear" from the interrogatories that appellants either did not understand the law or accounting, or were attempting to deflect attention from the underlying debt.
 {¶ 8} By decision dated June 23, 2004, the court granted appellee's motion for summary judgment. Therein, the court found appellee, through Dooley's affidavit, satisfied its initial burden of demonstrating that no genuine issue of material fact exists for trial. The court indicated appellants also provided a copy of the complaint and "several other pages of various documents." The court concluded that the "additional pages of documents" did not comply with Civ.R. 56(C) and could not be considered in support of appellants' motion. The court found the Jones affidavit was self-serving and insufficient to raise a genuine issue of material fact to any of the aspects of appellee's claims. The court compared the signatures of the land patent, Jones' affidavit, the note and the mortgage and determined the signatures on the note and mortgage were "nearly identical" to those signatures appellants admit are authentic on the land patent and Jones' affidavit. The court found appellants' conduct was frivolous and was only to avoid responsibility for a valid debt. Thus, the court concluded appellee was entitled to judgment as a matter of law. The court journalized its decision by entry dated August 19, 2004.
 {¶ 9} On appeal, appellants set forth the following assignments of error for our review:
First:
The Trial Court erred in not staying or dismissing Plaintiff-Appellee Fifth Third Bank's lawsuit, and all of the other Defendant-Appellee's claims that were allowed to be continued before the court due to the violation of the Fair Debt Collection Practices Act.
Second:
The Trial Court erred in granting Plaintiff-Appellee Fifth Third Bank's foreclosure suit when property is provided immunity from collateral attack by a U.S. Land Patent
Third:
The trial court erred in denying discovery.
Fourth:
The Trial Court erred in not considering all of the evidence in the case.
Fifth:
The Trial Court erred in reliance [sic] upon Stacy Dooley's Affidavit.
Sixth:
The Trial Court erred in granting summary judgment when a question of material facts [sic] still existed.
Seventh:
The Trial Court erred in confirming a debt to Modern Finance.
Eighth:
The Trial Court erred in confirming a debt owed to the OHIO DEPATAMENT [sic] OFTAXATION [sic].
Ninth:
The Trial Court erred in confirming the lien and right to foreclose of THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE.
Tenth:
The Trial Court erred in confirming the lien of RICHARD CORDRAY, FRANKLIN COUNTY TREASURER.
 {¶ 10} While appellants have set forth ten assignments of error, their arguments can be distilled into the following three arguments: (1) the trial court erred in granting summary judgment in favor of appellee and entering a decree in foreclosure; (2) the trial court erred in denying appellants' motion to compel discovery and in granting appellee's motion for a protective order; and (3) the trial court erred in confirming the debt of "RICHARD CORDRAY, FRANKLIN COUNTY TREASURER; THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; THE OHIO DEPARTMENT OF TAXATION, and Modern Finance." Therefore, appellants' assignments of error are interrelated and will be discussed together.
 {¶ 11} We first address appellants' argument that the trial court erred in denying their motion to compel discovery, and granting appellee's motion for a protective order. Appellants contend appellee failed to show the information sought through the interrogatories and documents were confidential or privileged. Thus, appellants claim the court abused its discretion in denying their motion to compel appellee to provide the requested discovery.
 {¶ 12} Appellee argues contra that appellants' requests were irrelevant, and would not lead to the discovery of admissible evidence related to: (1) whether appellants were parties to the promissory note; (2) if so, whether appellants were delinquent on the promissory note; and (3) whether appellee held a valid mortgage deed in order to secure payment on the note. Instead, appellee contends the requests were intended to harass and annoy appellee. Thus, appellee asserts the trial court did not err in granting appellee's motion for a protective order or denying appellants' motion to compel.
 {¶ 13} Civ.R. 26(B) provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * [.]" A party must demonstrate relevance to the underlying subject matter in order for discovery to be permissible. Although the scope of relevancy in discovery is broad, it is not without limits.Freeman v. Cleveland Clinic Found. (1998),127 Ohio App. 3d 378, 388, 713 N.E.2d 33. In the discovery phase, documents are irrelevant when the information sought will not reasonably lead to the discovery of admissible evidence. Tschantz v. Ferguson
(1994), 97 Ohio App.3d 693, 715, 647 N.E.2d 507; Icenhower v.Icenhower (Aug. 14, 1975), Franklin App. No. 75AP-93.
 {¶ 14} Civ.R. 26(C) allows the trial court to grant protective orders regarding discovery in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The decision to grant or deny a protective order is within the trial court's discretion. Hahn v. Satullo,156 Ohio App.3d 412, 2004-Ohio-1057, 806 N.E.2d 567, at ¶ 79, citing Van-American Ins. Co. v. Schiappa (1999),132 Ohio App.3d 325, 330, 724 N.E.2d 1232. Absent an abuse of discretion, an appellate court may not overturn the trial court's ruling on discovery matters. Feichtner v. Cleveland (1994),95 Ohio App.3d 388, 397, 642 N.E.2d 657, citing Vinci v. Ceraolo
(1992), 79 Ohio App.3d 640, 607 N.E.2d 1079.
 {¶ 15} Appellee's complaint raises the issue of appellants' liability under a promissory note. In their discovery requests, appellants requested identification of appellee's officers and certified public accountants; explanation of privileges, and explanation of general accounting principles through hypotheticals. In their request for production of documents, appellants asked for "all documents, including those formally in possession of State Savings Bank." Appellants fail to demonstrate how their discovery requests could lead to the admissibility of evidence related to their alleged liability on the promissory note. Thus, the trial court properly found that requiring appellee to comply with appellants' requests would be annoying and unduly burdensome. Accordingly, the trial court did not abuse its discretion in granting appellee's motion for a protective order, and denying appellants' motion to compel.
 {¶ 16} Appellants next contend the trial court erred in granting appellee's motion for summary judgment.
 {¶ 17} Pursuant to Civ.R. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "genuine issue" has been described as a triable, substantial or real issue of fact and as one which can be maintained by substantial evidence. Blair v. Harmon (Nov. 13, 1996), Hamilton App. No. C-960093. See, also, Cleveland Clinic Foundation v.Commerce Group Benefits, Inc., Cuyahoga App. No. 79907, 2002-Ohio-1414 (finding the word "genuine" to mean sincere or void of dishonesty). A court shall not render summary judgment unless it appears from the aforementioned evidence that reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 677 N.E.2d 343.
 {¶ 18} We review the trial court's grant of summary judgment de novo. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,654 N.E.2d 1327. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Coventry,
supra, at 41-42.
 {¶ 19} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher,
supra, at 292.
The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to someevidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293. (Emphasis sic.)
 {¶ 20} In support of their argument that the trial court erred in granting summary judgment, appellants first contend that a genuine issue of material fact exists for trial regarding the validity of their signatures on the note and mortgage. Appellants rely on the Jones affidavit, in which appellant E. Paul Jones avers that the note and mortgage "do not bear the bona fide signatures of E. Paul Jones and Deborah A. Jones-Williams." Appellee argues contra that through Dooley's affidavit, it met the initial burden under Civ.R. 56(C) to demonstrate that no genuine issue of material fact exists for trial. Appellee asserts that appellants failed to meet their reciprocal burden to demonstrate specific facts to show that there is a genuine issue for trial. Appellee contends that the Jones affidavit was self-serving, and therefore insufficient to create a genuine issue of material fact related to the alleged forgery.
 {¶ 21} In its motion for summary judgment, appellee submitted Dooley's affidavit with an attached copy of the note and mortgage. In her affidavit, Dooley indicated she was testifying from personal knowledge and from her knowledge from business records kept in the ordinary course of business in this case. Dooley stated that appellee is the holder of a promissory note executed by appellants, that the note is in default, and that appellee is the holder of a mortgage deed securing payment on the note. Construing the evidence most strongly in appellants' favor, we find that appellee discharged its initial burden of informing the trial court of the basis of its motion for summary judgment, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of appellants' claim. Dresher, supra, at 292.
 {¶ 22} Thereafter, the burden shifted to appellants to demonstrate specific facts to show that there is a genuine issue for trial. Appellants have set forth, through the Jones affidavit, the argument that their signatures on the note and the mortgage are not genuine. With regard to the note, R.C. 1303.36
provides that "[u]nless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of and authority to make, each signature on an instrument is admitted." A "specific denial" means "`a statement that denies a particular fact and then states what actually occurred.' * * * [A] court should interpret the requirement of a specific denial to require only that the defendant deny the signature as specifically as possible." Dryden v. Dryden (1993), 86 Ohio App.3d 707,711-712, 621 N.E.2d 1216.
 {¶ 23} In their answer, appellants asserted the mortgage was a copy of a forged or altered document, yet they did not address the genuineness of their signatures on the note. Appellant's answer was insufficient to raise the issue of the genuineness of their signatures on the note, and under R.C. 1303.36, their signatures on the note were thus admitted. Even if the Jones affidavit may have created an issue of fact as to whether appellants signed the note, it is not a material issue of fact.Dryden, at 714. Therefore, we find appellants have not satisfied their reciprocal burden as the nonmoving party to identify evidence to demonstrate that any genuine issue of material fact must be preserved for trial with regard to the validity of their signatures on the note.
 {¶ 24} Further, we find that certain statements contained within appellants' answer conflict with the Jones affidavit. In particular, appellants asserted the following notable statements in their answer: (1) "Fifth Third Bank defaulted. At that time, we were in `good standings' with the bank and all payments were current"; (2) "Our prior use of the account does not constitute an agreement with or acceptance of the terms and conditions of the alleged agreement"; and (3) "Fifth Third defaulted on the alleged loan agreement while E. Paul Jones and Deborah A. Jones-Williams were still in `good standings' and current on all payments." (Appellants' Answer at ¶ 4, ¶ 10, ¶ 13.)
 {¶ 25} When inconsistencies exist between statements in affidavits in support of memorandum contra summary judgment and statements contained in depositions or other supporting Civ.R. 56(C) evidence, "`and the affidavit neither suggests the affiant was confused at the deposition nor offers a reason for the contradictions in her prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment.'" McDowell v. Target Corporation, Franklin App. No. 04AP-408, 2004-Ohio-7196, at ¶ 12. See, also, Booth v. Caldwell
(Apr. 30, 1996), Franklin App. No. 95AP-1367. ("A party may not attempt to create a genuine issue of material fact by submitting an affidavit directly contradicting his own deposition testimony in response to defendant's summary judgment motion.") Similarly, when an affidavit "squarely conflicts with the affiant's prior unambiguous statement or admission, it seems unjust to consider such evidence absent explanation for the discrepancy." Jones v.Hoisington (Feb. 2, 1988), Franklin App. No. 87AP-570, 1988 Ohio App. LEXIS 382, at *7.
 {¶ 26} Here, appellants' answer acknowledged that appellants had previously used the "account," and that they were "in good standings" and "current on all payments." Through their conduct in previously making payments on the note to appellee in relation to the mortgage, it is apparent that appellants had, at some point in time, agreed to the existence of a loan between them and appellee. The Jones affidavit fails to explain these statements contained within appellants' answer.
 {¶ 27} Moreover, this court has held that in general, a party's unsupported self-serving assertions in an affidavit, without any corroborating Civ.R. 56 evidence, are insufficient to establish the existence of material issues of fact. Porter v.Saez, Franklin App. No. 03AP-1026, 2004-Ohio-2498. "Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88.
 {¶ 28} In the Jones affidavit, appellant E. Paul Jones asserted that the promissory note and the mortgage "do not bear the bona fide signatures of E. Paul Jones and Deborah A. Jones-Williams." (Jones' Aff. ¶ 5.) Appellants did not present any additional evidence, other than this self-serving affidavit, in support of their argument that their signatures on the note and the mortgage were forged. For example, appellants could have provided affidavits from non-expert witnesses who were familiar with their handwriting or an expert who could attest to the authenticity of their signatures. See Evid. R. 901. We recognize that appellant E. Paul Jones, as a non-expert witness, could testify regarding his familiarity with appellant Deborah A. Jones-Williams' signature. However, we reiterate our finding that the Jones affidavit and their answer were insufficient to create a genuine issue of fact regarding the validity of their signatures. Further, appellant Deborah A. Jones-Williams did not provide any additional evidence to support the argument that appellant E. Paul Jones' signature was forged on the note and the mortgage.
 {¶ 29} Based on the foregoing, we find appellants have not satisfied their reciprocal burden as the nonmoving party to identify evidence to demonstrate that any genuine issue of material fact regarding the validity of appellants' signatures must be preserved for trial.
 {¶ 30} Appellants next contend that appellee is not entitled to summary judgment because it infringed upon appellants' rights under the FDCPA,[2] and the violation precluded judgment against them. In particular, appellants contend that counsel for appellee is a "debt collector" under the act, and that the name and address of the creditor, and a "questionable unverified and unvalidated copy of a mortgage" are insufficient to comply with the validation requirements under the FDCPA. Thus, appellant asserts that the present foreclosure action should have been precluded, or at least that her obligation to answer the foreclosure complaint should have been stayed.
 {¶ 31} Appellee argues contra that it did not violate appellee's rights under the FDCPA. Appellee asserts that it notified appellants of their right to verification of the debt, and subsequently filed its complaint. Appellee contends the promissory note and mortgage attached to the complaint, which was served upon appellants, provided sufficient verification of the debt. Even if it was in violation of the FDCPA, appellee argues that violations of the act do not invalidate the debt.
 {¶ 32} Section 1692g, Title 15, U.S. Code, of the FDCPA provides:
(a) Notice of debt; contents.
Within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication * * * send the consumer a written notice containing —
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
* * *
(4) a statement that if the consumer notifies the debt collector in writing within [a] thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification of such debt or judgment shall be mailed to the consumer by the debt collector; and
(5) a statement that * * * the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (b) Disputed debts.
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.
 {¶ 33} Application of the FDCPA is limited to consumer debt: The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 1692a(5), Title 15, U.S.Code. Thus, the statute states that once the debtor has disputed in writing the validity of the debt, the debt collector may not proceed with "collection" until appropriate verification or validation of the debt is provided by the debt collector to the debtor. The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 1692a(5), Title 15, U.S.Code.
 {¶ 34} As previously stated, we find appellee satisfied its initial burden of showing a genuine issue of material fact did not exist for trial. Thereafter, in accordance with Civ.R. 56(C) and Dresher, supra, appellants had the burden to rebut appellee's evidence. As such, they were required to set forth both their argument under the FDCPA, and facts demonstrating that issues of fact remain with regard to appellee's violation of their rights under the FDCPA. In particular, appellants were required to establish they were "consumers" with respect to this debt, a written request had been made for verification of the debt, and that no appropriate response thereto had been provided by counsel for appellee prior to filing the complaint. See Bankof New York v. Barclay, Franklin App. No. 03AP-844, 2004-Ohio-1217, certiorari denied, 161 L.Ed.2d 278,125 S.Ct. 1595, 2005 U.S. LEXIS 2257, 73 U.S.L.W. 3529.
 {¶ 35} Assuming without deciding appellants' proposition that the FDCPA operated to preclude initiation of litigation against them, or stay it once initiated, our review of the record reveals appellants failed to raise a genuine issue of material fact to substantiate their claim that appellee was in violation of the FDCPA. Appellants failed to demonstrate that appellee's counsel failed to respond with a verification meeting the requirements of the statute, prior to initiating the present foreclosure complaint. Therefore, we find appellant had not placed sufficient evidentiary materials before the trial court to create an issue of material fact regarding the alleged violation of the FDCPA.
 {¶ 36} Finally, appellants argue the trial court improperly granted summary judgment because their property is protected by a U.S. land patent, shielding it from collateral attack. Appellee argues contra that a land patent is merely a conveyance, and not a general protection from liens. We agree. As the trial court aptly stated, "the information sheds no light on the case at hand." (June 23, 2004 Decision, at 5.) Therefore, appellants' argument is without merit.
 {¶ 37} Accordingly, the trial court did not err in granting summary judgment in favor of appellee.
 {¶ 38} Finally, appellants contest the trial court's confirmation of the debts owed to "RICHARD CORDRAY, FRANKLIN COUNTY TREASURER; THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; THE OHIO DEPARTMENT OF TAXATION, and Modern Finance," who were named defendants in the foreclosure action. Appellee argues contra these entities are not parties to the current appeal, and that appellants' arguments are unrelated to the order from which appellants base the current appeal. Thus, appellee argues these arguments are not proper for our consideration.
 {¶ 39} Our review of the record reveals appellants filed no cross-claim against any of the aforementioned defendants in the proceedings before the trial court. Appellant could have brought counterclaims against the other defendants pursuant to Civ.R. 13. We cannot render relief against those entities for whom no relief was sought before the trial court. See Roy v. Plageman, Hancock App. No. 5-02-35, 2002-Ohio-6286; Gentile v. Ristas,160 Ohio App.3d 765, 2005-Ohio-2197, 828 N.E.2d 1021 (issues not raised before the trial court are waived on appeal). Accordingly, appellants' seventh, eighth, ninth and tenth assignments of error are overruled as moot.
 {¶ 40} For the foregoing reasons, appellants' first, second, third, fourth, fifth and sixth assignments of error are overruled, their seventh, eighth, ninth and tenth assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Petree, J., concur.
[1] In its memoramdum contra, appellant indicated "this is a timely answer to the foreclosure complaint filed on July 21, 2003.
[2] The FDCPA was enacted to eliminate abusive debt collection practices, Section 1692e, Title 15, U.S. Code, and prohibit actions by debt collectors, such as improper communications, harassing or oppressive behavior, and false or misleading representations, as well as imposing other restrictions and obligations on debt collectors, such as the verification requirement of Section 1692b. Sections 1692c, 1692d, and 1692e, Title 15, U.S.Code.