DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant, Medina Drywall Supply, Inc., appeals from a judgment of the Medina County Court of Common Pleas dismissing its complaint against Defendant-Appellee, Nina Clark. We affirm.
 I. {¶ 2} Appellant, a supplier of construction materials, extended credit to Procom Stucco Systems ("Procom") in the amount of $35,549.81.[1] When applying for the line of credit, Procom — a family business owned by Appellee's son Charles Whittemire and his wife Gloria — submitted three forms to Appellant. One, an "Application for Credit," purportedly bore Appellee's signature as "Executive Officer." Another form, an addendum to the credit application for commercial customers, likewise contained a signature naming Appellant as "Guarantor." The third form, an "Individual Personal Guaranty Agreement of Guaranty and Suretyship," contained the typewritten names of the Whittemires and of Appellee on the signature lines. Appellant had no agents or representatives present when the forms were signed; therefore none of the witnesses called at trial had witnessed Appellee personally signing the forms.
 {¶ 3} After failing to obtain payment from Procom, Appellant filed suit against Procom, the Whittemires, and Appellee, on theories of both contract and agency. A default judgment was entered against Procom and the Whittemires, and the case against Appellee proceeded to trial before a magistrate. Appellee testified that she had never participated in her son's business, that she had not heard of Appellant until Appellant filed suit against her, and that she had neither signed the credit agreements with Appellant nor authorized the Whittemires to sign on her behalf. Appellee also introduced into evidence her driver's license and copies of personal checks that she had written to pay her own utility bills — all of which bore her signature — in order to show that the signatures on the credit applications did not match her signature.
 {¶ 4} The Magistrate, finding Appellee's testimony to be credible, found that Appellee had not signed the credit applications or authorized the Whittemires to sign for her and, on that basis, held that no enforceable contract existed between the parties and entered judgment in favor of Appellee. The trial judge affirmed the magistrate's decision over Appellant's objection. Appellant filed this appeal, raising three assignments of error.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AS THE APPELLEE FAILED TO PRESENT SUFFICIENT EVIDENCE TO REFUTE THE PROOF OF THE SIGNATURE OF APPELLEE BY THE APPELLANT."
 {¶ 5} When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, unreported, at *2. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd (1993),66 Ohio St.3d 619, 621.
 {¶ 6} Appellant cites Fifth Third Bank v. Jones-Williams,
10th Dist. No. 04AP-935, 2005-Ohio-4070, at ¶ 27, for the proposition that Appellee's "self-serving" testimony as to the veracity of the signatures is insufficient to rebut the presumption that a signature is valid. In Fifth Third Bank, the trial court granted the plaintiff-appellee's motion for summary judgment in a foreclosure action. Id. at ¶ 1. The defendants-appellants filed a response to the motion and an affidavit with a bare assertion that their signatures had been forged on the mortgage. Id. at ¶ 23. The appellate court affirmed, holding that the affidavit alone, without any further evidence that the signatures were forged, was insufficient to create an issue of material fact to overcome the motion for summary judgment. Id. at ¶ 27.
 {¶ 7} In the present case, Appellee is not relying on an unsubstantiated assertion that the signatures on the credit applications were forged. She corroborated her testimony with handwriting samples in the form of her driver's license and checks that she had previously written and signed. Evid.R. 901(B)(3) provides that the factfinder's comparison of a disputed item with an authenticated handwriting sample is sufficient to support a finding as to the validity of the handwriting sample. "A trier of fact can make a comparison of a known writing by a person with other writings without the assistance of an expert or a lay witness to determine whether all the writings were executed by the same person." State v. Norwood (Jan. 25, 1991), 6th Dist. No. L-90-124, at *7. Thus, there was no need, as Appellant asserts, for Appellee to call additional witnesses to compare her handwriting with the signatures on the credit applications. It was sufficient for the magistrate, as the trier of fact, to consider Appellee's testimony and to compare the handwriting sample provided at trial with the handwriting on the disputed contracts. We believe a reasonable trier of fact could have determined, by weighing the credibility of the witnesses and comparing the signatures on the credit applications to the samples provided, that Appellee did not sign the credit applications as guarantor and did not authorize the Whittemires to do so on her behalf. Based on the evidence in the record, it was not an abuse of discretion for the judge to affirm the magistrate's opinion to this extent. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AS THE APPELLEE IS LIABLE ON THE CONTRACT FORMED WITH THE APPELLANT UNDER THE AGENCY THEORY OF APPARENT AUTHORITY."
 {¶ 8} Appellant next contends that even if Appellee did not sign the credit applications or authorize the Whittemires to do so on their behalf, Appellee remains liable under the agency theory of apparent authority. Appellant argues that the magistrate erroneously applied the law of agency by estoppel rather than apparent authority.
 {¶ 9} The question of whether an agency relationship exists is a question of fact, not a question of law. Dickinson v.Charter Oaks Tree Landscaping Co., Inc., 10th Dist. No. 02AP-981, 2003-Ohio-2055, at ¶ 22. It is the province of the trial court, not the appellate court, to make findings of fact.Mondl v. Mondl (Dec. 5, 2001), 9th Dist. No. 20570, at *2. The magistrate found that "[Appellee] engaged in no conduct herself
from which the Plaintiff could justifiably infer anybody had the legal authority to act on her behalf." (Emphasis sic.) This finding does not support a claim of apparent authority any better than it supports a claim of agency by estoppel.
 {¶ 10} The principles of apparent authority and agency by estoppel are similar. Master Consol. Corp v. Bancohio Natl.Bank (1991), 61 Ohio St.3d 570, 577, fn 5. "[Agency by] estoppel is essentially the principle that a person must compensate another for any change of position (loss) induced by reliance on what the person said or otherwise manifested * * *." Id. Apparent authority exists where it is shown that 1) "the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority," and 2) "the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority." Id. at 576. Under either doctrine, the principal must somehow represent to a third party, either intentionally or negligently, that the agent had authority to act on the principal's behalf. See id.
 {¶ 11} In this case, the magistrate found that Appellee did nothing to make such a representation, and there is virtually no evidence to indicate that she did. Appellee once guaranteed the rental of a truck from a truck dealer for Charles Whittemire to use in his business, and Appellant argues that this demonstrates a prior participation in the business activities on Appellee's part and a manifestation to the public that the Whittemires had authority to name Appellee as a guarantor for their line of credit. There is no evidence that Appellant knew of the prior truck rental when it extended credit to the Whittemires and Procom, however, so it cannot be said that Appellee held the Whittemires out to Appellant as having such authority merely because she once guaranteed a different transaction with a different vendor. Based on the evidence, we cannot say that it was an abuse of discretion for the trial judge to find that the Whittemires had no apparent authority to act on Appellee's behalf. Appellant's second assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AS THE APPELLEE IS LIABLE ON THE CONTRACT DUE TO HER NEGLIGENCE CONTRIBUTING TO THE ALLEGED FORGED SIGNATURE ON THE CONTRACT."
 {¶ 12} Appellant argues that Appellee is liable on the contract due to her negligence. Appellant briefly asserted this argument in its initial objection to the magistrate's decision at the trial level. When Appellant later filed its memorandum in support, however, it made no arguments whatsoever pertaining to negligence. By failing to make more than a conclusory statement as to Appellee's allegedly contributory negligence and by failing to address the issue entirely in the memorandum, we find that Appellant waived the issue at the trial level. See In Matter ofA.V., 10th Dist No. 05AP-789, 2006-Ohio-3149, at ¶ 21. Civ.R. 53(D)(3)(b)(ii) requires that all objections "be specific and state with particularity the grounds for the objection." Furthermore, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." Civ.R. 53(D)(3)(b)(iv). It is not the duty of a court to develop an argument in support of a party's position, even if one exists, if the party asserting that position has not made the argument. State v. Tanner, 9th Dist. No. 04CA0062-M, 2005-Ohio-998, at ¶ 24; Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 40; Klausman v.Klausman, 9th Dist. No. 21718, 2004-Ohio-3410 at ¶ 29.
 {¶ 13} Because Appellant did not properly raise the issue of negligence in the objections to the magistrate's decision, we decline to address this issue.
 III. {¶ 14} All three assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Carr, J. Concur.
[1] This is the amount stated in the trial magistrate's findings of fact, and the parties do not argue that this figure is invalid. The complaint, however, was for $36,469.53, an amount reflected by the accounting entered into evidence as Plaintiff-Appellant's Exhibit A. The trial court, in rendering default judgment against other parties to the case, entered judgment in the amount of $36,469.53.