{¶ 19} I concur with the majority on much of its opinion and analysis, but I must respectfully disagree on a single point, the relief we should be granting. The majority has ordered that the Mayor and Village Council of New Waterford canvas the petitions and determine the sufficiency of the petitions. I believe that the evidence shows that this has already been done and, therefore, that we should be ordering a special election instead.
 {¶ 20} In this case, Relator introduced evidence showing that there were 384 votes cast in the November 2005 election. Forty percent of that number is 154. He also introduced the petitions themselves, which state that they have been signed by "duly qualified electors of the Village of New Waterford, Ohio." Those petitions contain 182 signatures. Finally, the stipulations submitted by both parties states that the Respondents reviewed the sufficiency of the petitions. Accordingly, Relator has born his burden of "identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996),75 Ohio St.3d 280, 296.
 {¶ 21} The Respondents have the burden of demonstrating a material issue about these facts. Accordingly, they attached an affidavit of William Mullarkey, one of the Respondents, which states that the Village did not actually review the sufficiency of the petitions. Instead, he avers that Respondents only compared "the signatures on each petition" to "a list of registered voters for the Village of New Waterford." He *Page 9 
then states that the review of the petitions showed that there were issues with eighteen of those petitions.
 {¶ 22} Mullarkey's statement that Respondents did not actually review the sufficiency of the petitions is inconsistent with the stipulation agreed to by the parties that they had reviewed the sufficiency of the petitions. When inconsistencies exist between statements in self-serving affidavits attached to memoranda opposing summary judgment and statements contained in Civ.R. 56(C) evidence supporting a motion for summary judgment, and the affidavit neither suggests the affiant was confused nor offers a reason for the contradictions, the affidavit does not create a genuine issue of fact which would preclude summary judgment. Fifth Third Bank v. Jones-Williams, 10th Dist. No. 04AP-935,2005-Ohio-4070, at ¶ 25. Since there is no explanation offered for this inconsistency, we will use the facts in the stipulation, i.e., that Respondents reviewed the sufficiency of the petitions, rather than the self-serving facts contained in the affidavit.
 {¶ 23} Accordingly, Respondents have rebutted Relator's evidence of 182 signatures of "duly qualified electors" by showing a genuine issue regarding whether 18 of those signatures are valid. However, this means that, when the evidence is viewed in the light most favorable to Respondents, there is not a genuine issue of material fact regarding 164 of those signatures, which is more than forty percent of the people who voted at the last regular municipal election.
 {¶ 24} For the purposes of this motion for summary judgment, we must conclude that the petitions Relator has filed constitute more than forty percent of the *Page 10 
electors in the Village, which triggers the Village Council's statutory duty to provide for a special election to determine whether the Village's corporate powers should be surrendered. Relator has no adequate remedy in the ordinary course of law to force the Village Council to exercise that duty. Accordingly, this court should order Respondents to provide for a special election in order to determine whether the Village of New Waterford's corporate powers should be surrendered in accordance with R.C. 703.20. *Page 1