[Cite as *BAC Home Loan Serv. v. McFerren*, 2013-Ohio-3228.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BAC HOME LOANS SERVICING, LP fka
COUNTRYWIDE HOME LOANS
SERVICING, LP

     Appellee

     v.

GARRICK P. MCFERREN, aka
GARRICK MCFERREN, et al.

     Appellant

C.A. No.     26384

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2011-06-3570

DECISION AND JOURNAL ENTRY

Dated: July 24, 2013

BELFANCE, Presiding Judge.

**{¶1}** Garrick McFerren appeals the decision of the Summit County Court of Common Pleas awarding summary judgment to Bank of America, N.A. For the reasons set forth below, we reverse.

I.

**{¶2}** On February 19, 2008, Mr. McFerren signed a promissory note ("the Note") for $211,500.00 with Quicken Loans, Inc. That same day, he also signed a mortgage ("the Mortgage") purporting to secure the Note, which named Mortgage Electronic Registration Systems, Inc. ("MERS") as "the mortgagee under this Security Instrument." Quicken Loans later transferred the Note to Countrywide Bank, FSB, which subsequently endorsed the Note in blank, thus leaving the space for "payable to" empty. On March 16, 2011, MERS assigned the mortgage to BAC Home Loan Servicing, LP,

and the assignment was recorded on April 19, 2011. BAC initiated foreclosure proceedings on June 30, 2011.

{¶3} On July 1, 2011, BAC merged with Bank of America, N.A., and Bank of America was substituted as party plaintiff on August 30, 2011. Bank of America moved for summary judgment, and Mr. McFerren filed a motion in opposition, albeit untimely. The trial court never ruled on Mr. McFerren's motion for leave to file his motion in opposition, and it awarded summary judgment to Bank of America on March 12, 2012, in a judgment entry prepared by Bank of America.

{¶4} Mr. McFerren has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

REVIEWING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT DE NOVO, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF APPELLEE ON THE FORECLOSURE COMPLAINT AND AGAINST APPELLANT ON THE QUIET TITLE COUNTERCLAIMS AND THIRD PARTY COMPLAINT.

{¶5} Mr. McFerren argues that the trial court erred in awarding summary judgment to Bank of America because BAC lacked standing to initiate the action. We agree that, given the record before us, we cannot conclude that BAC had standing to initiate the action.

{¶6} Bank of America argues that we should not reach the question of standing because Mr. McFerren failed to properly raise it in the trial court; however, it is well-established that "the issue of standing, inasmuch as it is jurisdictional in nature, may be

raised at any time during the pendency of the proceedings." *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216 (1987), paragraph two of the syllabus. *See also Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22 (citing *Tyler* with approval).

{¶7} In *Schwartzwald*, the Ohio Supreme Court determined that a plaintiff in a foreclosure action must have standing at the time it files the complaint in order to invoke the jurisdiction of the court. *Schwartzwald* at ¶ 41-42. "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Internal quotations and citations omitted.) *Id.* at ¶ 22. Standing to sue is jurisdictional in nature as it concerns a party's capacity to invoke the jurisdiction of the court, and, therefore, whether a party has standing is evaluated at the time of the filing of the complaint. *Id.* at ¶ 24. Moreover, the lack of standing cannot be cured by a subsequent assignment of the note and mortgage subsequent to filing the complaint. *Id.* at ¶38 ("Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance."). In *Schwartzwald,* the record did not establish that the plaintiff/bank was the holder of the note or mortgage when it filed the complaint. As such, it "concede[d] that there [wa]s no evidence that it had suffered any injury at the time it commenced th[e] foreclosure action." *Id.* at ¶ 28. "Thus, because it failed to establish an interest in the note or

mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court." *Id*.

{**¶8**}   Prior to *Schwartzwald*, this Court also held that in order to have a real interest in a foreclosure action, a party must be the owner and holder of the note and the mortgage at the time it commences the action.   *See U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10 Dist. Franklin No. 07AP-615, 2008-Ohio-1282, ¶ 12 ("'In foreclosure actions, the real party in interest is the current holder of the note and mortgage.'").  BAC filed the complaint at issue in this case.  Bank of America was substituted as the plaintiff and then moved for summary judgment.  Relative to the mortgage, Bank of America submitted copies of the Mortgage naming MERS as mortgagee and the assignment of the Mortgage from MERS to BAC.[1]  With respect to the Note, Bank of America attached a copy of the Note payable to Quicken Loans.  The note contained an endorsement from Quicken Loans to Countrywide Bank, FSB, which at some point Countrywide Bank endorsed in blank.  Bank of America also submitted the affidavit of Linda Geidel.  In her affidavit, Ms. Geidel averred that she is an officer of Bank of America, that Bank of America was successor by merger to BAC, and the Bank of America had possession of the Note.  However, Ms. Geidel did not aver that BAC had possession of the Note at the time that it filed the complaint.[2]

---

[1]   Attached to the complaint was a certificate from the Texas Secretary of State that indicated that BAC had formerly been known as Countrywide Home Loan Services, Inc.

[2]   To illustrate the path both the Note and the Mortgage have taken, we have created the chart that is attached as Appendix A at the end of this opinion.

{¶9} Accordingly, none of the evidence in the record demonstrates that BAC had possession of the Note at the time that it filed the complaint. The copy of the Note attached to the complaint does not show anything beyond the fact that BAC had access to a copy of the Note. The Note itself is payable to bearer by virtue of Countrywide Bank's blank endorsement, meaning that nothing on the Note itself indicates when, or if, BAC became its owner through possession of the note. Further, the fact that Bank of America had possession of the Note at the time it moved for summary judgment does not demonstrate that BAC had obtained possession of the Note when it filed the complaint. See *Rowland* at ¶ 15 ("[Bank of America] does not specify how or when [it] became the holder of the note and mortgage. Without evidence demonstrating the circumstances under which it received an interest in the note and mortgage, [it] cannot establish itself as the holder."). Nor is there evidence that Countrywide Bank, FSB, ever delivered the endorsed Note to BAC or its predecessors.

{¶10} Nevertheless, Bank of America maintains that the record establishes that BAC had standing because the mortgage assignment was dated and recorded prior to the complaint being filed. It reasons that the assignment of the mortgage alone conferred standing. Specifically, it refers to that portion of *Schwartzwald* where the Supreme Court stated that Federal Home Loans did not have standing because "it failed to establish an interest in the note or mortgage at the time it filed suit," *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 28, and points to *Citimortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, to support its interpretation. In *Patterson*, the court noted that *Schwartzwald* had held "that Federal Home Loans did not have standing because * * * 'it failed to establish an interest in the note *or* mortgage at the time it filed

suit.'"  (Emphasis sic.) *Id.* at ¶ 21, quoting *Schwartzwald* at ¶ 28.  The *Patterson* court concluded that the use of "or" marked a departure from its previous holdings that a party needed "'the note *and* mortgage when the complaint was filed[]'" in order to have standing.  (Emphasis sic.)  *Patterson* at ¶ 21, quoting *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092, ¶ 23.  Thus, the court held that, in light of *Schwartzwald*, a party may establish its standing by showing that it is the assignee of the mortgage or is the holder of the note.  *Patterson* at ¶ 21.

{¶11}  We do not find the Eighth District's rationale persuasive.  It is apparent that the Ohio Supreme Court did not consider this precise issue in *Schwartzwald* given that the bank had conceded that it was not the holder of the note or mortgage.  *See, e.g., Schwartzwald* at ¶ 28 (noting that Federal Home Loans conceded there was no evidence that it had either).  Thus, the language must be read in the context of the entire opinion.  Like the Eighth District, this Court has previously held that a party must have the note *and* the mortgage in order to demonstrate standing.  *See, e.g., Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, at ¶ 13.  Other districts have made similar holdings.  *See, e.g., Losantiville Holdings L.L.C. v. Kashanian*, 1st Dist. Hamilton No. C-110865, 2012-Ohio-3435, ¶ 17; *Arch Bay Holdings, L.L.C. v. Brown*, 2d Dist. Montgomery No. 25073, 2012-Ohio-4966, ¶ 16; *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, ¶ 32 (7th Dist.); *Rowland*, 2008-Ohio-1282, at ¶ 12.  It is unlikely that the Supreme Court intended to overturn the holdings of all of the appellate courts on the issue, especially since the issue was not directly before it.

{¶12}  Moreover, as explained in *Schwartzwald*, the fundamental requirement of standing is that the party bringing the action is actually the party who has suffered the

injury. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 23, 28. A party who only has the mortgage but no note has not suffered any injury given that bare possession of the mortgage does not endow its possessor with any enforceable right absent possession of the note. *See* Restatement of the Law 3d, Property, Mortgages, Section 5.4(e), at 385 (1996) ("[I]n general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation."). In other words, possession of the mortgage is of no import unless there is possession of the note. While it is possible to assign a mortgage and retain possession of the note, "[t]he practical effect of such a transaction is to make it impossible to foreclose the mortgage, unless the transferee is also made an agent or trustee of the transferor * * *." Restatement, Section 5.4(c), at 384. *See also id.* (noting that UCC 3-203 likely requires courts to disregard a mortgage assignment when the negotiable note is not also delivered); Christopher L. Peterson, *Two Faces: Demystifying the Mortgage Electronic Registration System's Land Title Theory*, 53 Wm. & Mary L.Rev. 111, 119 (2011), fn. 34 (compiling cases from many jurisdictions finding that the note and the mortgage are inseparable and that the assignment of a mortgage alone is a nullity). This would further support the conclusion that the Supreme Court did not intend to imply that simply possessing the mortgage is sufficient to establish standing given that a party who simply holds the mortgage suffers no injury. *See Schwartzwald*, at ¶ 28.

{¶13} Thus, we conclude that *Schwartzwald* did not overturn long-standing property and foreclosure principles and, therefore, BAC had to be holder of the Note *and* the Mortgage at the time it initiated this action order to have standing. *Id.* It follows that,

if BAC did not have standing at the time it filed the complaint, then Bank of America likewise did not have standing upon merging with BAC.

**{¶14}** Mr. McFerren has set forth arguments concerning the legal effect of splitting the Note and Mortgage from the inception of the transaction.[3] Bank of America argues that Mr. McFerren has no standing to assert defenses which relate to the legal effect of the prior assignments of the note or mortgage.[4] However, we need not address

---

[3] As noted above, at the inception of the transaction, the Mortgage named MERS as the mortgagee and contains language that indicates that MERS is the nominee of Quicken Loans. This Court has not squarely addressed the legal effect of splitting a note and mortgage at its inception. *See generally* Peterson, 53 Wm. & Mary L.Rev. 111 (discussing analysis of various jurisdictions relating to legal effect of splitting note and the mortgage and the significant departure by MERS from the traditional land registration system and the public policies undermined by the corporation's methods). *See, e.g.,* Peterson, 53 Wm. & Mary L.Rev. 144 (noting the problematic manner in which MERS transfers its mortgages because "MERS has a web page in which mortgage servicers and law firms can enter names of their own employees to automatically produce a boilerplate corporate resolution that purports to designate the servicers' and law firms' employees as certifying officers of MERS with the job title of assistant secretary, vice president, or both."). In *Deutsche Bank Natl. Trust Co. v. Traxler*, 9th Dist. Lorain No. 09CA009739, 2010-Ohio-3940, this Court discussed in dicta the limited argument that MERS lacked authority as nominee to assign a mortgage to the foreclosing bank. *Id.* at ¶ 19. The argument was premised upon the contention in its status as "nominee" MERS was only permitted to enforce the mortgage, but not to assign it. *Id.* As such, it was argued that the right to assign the mortgage was retained by the original lender who possessed the note. *Id.* However, *Traxler* did not ultimately answer this question but did refer to cases suggesting that MERS had authority to assign a mortgage when designated as both a nominee and mortgagee. *Id.* at ¶ 19-21. However, the cases cited in *Traxler* concerning that issue were decided without evidence in the record as to the method by which MERS operated. *See id.* at ¶ 19 (compiling cases from other districts that "recognized MERS' authority to assign a mortgage when designated as both a nominee and mortgagee").

[4] We note that it is unclear why a foreclosure defendant would lack "standing" to raise issues concerning the legal effect of prior assignments or other transactions in *defending* the foreclosure action. In that context, the defendant may raise legally relevant defenses as such would relate to the character of the obligation (i.e. secured or not secured) and to whom the obligation is actually owed (in cases of multiple assignments, to avoid the risk that multiple parties claim the right to collect). Bank of America relies upon *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed.Appx. 97 (6th Cir.2010), and *Bridge v. Aames Capital Corp.,* N.D.Ohio No. 1:09 CV 2947, 2010 WL 3834059 (Sept. 29, 2010), in support. However, the procedural posture

those arguments, as the record before us does not allow us to conclude that BAC was the owner of the Note when it initiated the action.

**{¶15}** Mr. McFerren's assignment of error is sustained.

III.

**{¶16}** In light of the foregoing, the judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

---

and substantive issues addressed in those cases are distinct from the instant matter and those cases do not stand for the blanket proposition that in all contexts an obligor may not raise defenses concerning the assignment of the obligation. *Bridge* is readily distinguishable because the mortgagor was a plaintiff seeking a declaratory judgment and the court addressed standing in the context of Ohio's declaratory judgment statute. *Livonia* addressed the question of the meaning of "record chain of title" under Michigan's foreclosure by advertisement statute. *See id.* at 99.

Costs taxed to Appellee.

　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

　　　　　　　　　　　　　　　　　　　　　　　　　　EVE V. BELFANCE
　　　　　　　　　　　　　　　　　　　　　　　　　　FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

**{¶17}** I agree with the majority's conclusion that "none of the evidence in the record demonstrates that BAC had possession of the Note at the time that it filed the complaint," but I would not remand this matter for further proceedings. Instead, I would hold that BAC's failure to demonstrate standing at the commencement of this foreclosure action requires dismissal of the complaint pursuant to the Supreme Court of Ohio's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 40; *see also Wells Fargo Bank NA v . Horn*, 9th Dist. No. 12CA010230, 2013-Ohio-2374.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellant.

STACY L. HART and CARSON A. ROTHFUSS, Attorneys at Law, for Appellee.

　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿

Appendix A

The appendix cannot be displayed.