[Cite as *U.S. Bank Natl. Assn. v. Bobo*, 2014-Ohio-4975.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED AS OF OCTOBER 1, 2003, 2003-CB5 TRUST, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-CB5, | : : : : : : | Case No. 13CA45 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ELIZABETH L. BOBO, et al., | : | |
| Defendants-Appellants. | : | **RELEASED: 11/5/2014** |

APPEARANCES:

Bruce M. Broyles, The Law Office of Bruce M. Broyles, Boardman, Ohio, for appellant, Elizabeth L. Bobo.

James A. Tully, The Law Offices of John D. Clunk, Stow, Ohio, for appellee.

Harsha, J.

{¶1}   In this foreclosure action Elizabeth L. Bobo appeals the trial court's decision to grant U.S. Bank National Association summary judgment. Bobo contends that her affidavit stating that her signature on the promissory note was not authentic raised a genuine issue of material fact about whether U.S. Bank had possession of the original note.  This contention lacks merit because Bobo's self-serving affidavit, which was not corroborated by any evidence, was insufficient to establish the existence of a genuine issue of material fact.

{¶2}   In her second argument Bobo contends that there remained genuine issues of material fact about whether transfers of the note and mortgage to U.S. Bank were proper under the pooling and servicing agreement ("PSA"), because they were made after the trust closed. Bobo's argument fails because whether the parties to the PSA failed to comply with its terms is irrelevant to the bank's standing as the holder of the note.  Moreover, Bobo cannot assert as a defense the claim of another person to the instrument.  *See* R.C.1303.35(C).

{¶3}    Bobo's third contention is that there were genuine issues of material fact about whether the original mortgagee was authorized under an allonge to transfer the note after it filed for bankruptcy.  We reject Bobo's claim because the allonge was irrelevant at the time it filed its complaint in foreclosure; U.S. Bank had possession of the original promissory note indorsed in blank by New Century.  Thus it was a holder of the note and was a person entitled to enforce the instrument.

{¶4}   In her fourth argument Bobo contends that the trial court erred in relying on an affidavit of a contract management coordinator for the company servicing U.S. Bank's mortgage loans in granting summary judgment because the coordinator did not demonstrate personal knowledge of the facts alleged.  Bobo's contention is meritless because the coordinator specifically alleged in her affidavit that she had personal knowledge of the facts alleged, that her personal knowledge was based on her review of the servicing records, that she was familiar with her company's records for servicing mortgage loans, that the records were made at or near the time from information provided by persons with knowledge of the activities and transactions reflected in the

records, and that based on these records, U.S. Bank possessed the original executed note and mortgage.

{¶5}   Finally, Bobo contends that U.S. Bank did not have standing to institute the foreclosure action because it did not have the note or mortgage at that time. Because the summary judgment evidence established that U.S. Bank had possession of the note indorsed in blank at the time it filed its complaint and thereby also had an equitable assissgnment of the mortgage, it had the requisite standing.

{¶6}   Therefore, we overrule Bobo's assignment of error and affirm the judgment of the trial court.

## I.  FACTS

{¶7}   In April 2003, New Century Mortgage Corporation ("New Century") loaned Bobo $202,500, and she executed a note promising to repay that principal amount plus interest.  The note was secured by a mortgage on Bobo's real property in Athens County.  After Bobo entered into a loan modification agreement, which increased the loan amount, New Century assigned the mortgage to another entity, which subsequently assigned it to U.S. Bank on March 27, 2012.  The assignments were recorded.

{¶8}   On the same date that U.S. Bank received an assignment of the mortgage, it filed a complaint in the Athens County Court of Common Pleas for foreclosure of the property.  Because Bobo had defaulted on the note by failing to make the agreed payments, U.S. Bank exercised its option to accelerate the loan payments and declared the entire unpaid balance due and payable.  U.S. Bank attached to its complaint a copy of the promissory note, which had been indorsed in blank by New

Century.  U.S. Bank did not attach a copy of its mortgage assignment, which had been executed the same day.

{¶9}    Subsequently, in July 2012, New Century executed an allonge to the promissory note purporting to transfer the note to U.S. Bank.

{¶10}  U.S. Bank supported a motion for summary judgment with an affidavit of a contract management coordinator for the company servicing the mortgage loan and business records.  Bobo filed a memorandum in opposition with her affidavit and assorted documents.  The trial court granted U.S. Bank's motion and entered judgment on the foreclosure complaint.

## II.  ASSIGNMENT OF ERROR

{¶11}  Bobo assigns one error for our review:

The trial court erred in granting summary judgment to Appellee.

## III.  STANDARD OF REVIEW

{¶12}  Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56.  *Vacha v. N. Ridegville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19.  Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made.  Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36 and 12CA38, 2014-Ohio-335, ¶ 20.

{¶13} The moving party has the initial burden, by pointing to summary judgment evidence, of informing the trial court of the basis for the motion and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets this initial burden, the nonmoving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. *Id.*

## IV. LAW AND ANALYSIS

{¶14} In her sole assignment of error Bobo asserts that the trial court erred in granting summary judgment in favor of U.S. Bank on its foreclosure claim against her. She raises seven issues in five separate arguments in support of her assignment of error.

## A. Bobo's Affidavit

{¶15} Initially, Bobo claims that her affidavit in opposition to the motion raised a genuine issue of material fact about whether the bank was in possession of the original promissory note. The affidavit stated that when she inspected the alleged original note, she discovered her signature was not authentic.

{¶16} "Mere speculation and unsupported conclusory assertions are not sufficient" to meet the nonmovant's reciprocal burden under Civ.R. 56(E) to withstand summary judgment. *Loveday v. Essential Heating Cooling & Refrigeration, Inc.*, 4th Dist. Gallia No. 08CA4, 2008-Ohio-4756, ¶ 9. A self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. *Wells Fargo Bank v. Blough*, 4th Dist. Washington No. 08CA49, 2009-

Ohio-3672, ¶ 18; *Deustche Bank Natl. Trust Co. v. Doucet*, 10th Dist. Franklin No.

07AP-453, 2008-Ohio-589, ¶ 13 ("We also find that Doucet's self-serving affidavit, which

was not corroborated by any evidence, is insufficient to establish the existence of

material issues of fact"). " 'To conclude otherwise would enable the nonmoving party to

avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to

facilitate the early assessment of the merits of claims, pre-trial dismissal of meritless

claims and defining and narrowing issues for trial.' " [Internal quotations omitted.]

*Blough* at ¶ 18, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit

No. 21499, 2003-Ohio-7190, ¶ 36.

{¶17} Bobo did not submit any corroborating summary judgment evidence to

support her claim the promissory note held by U.S. Bank did not contain her authentic

signature. Her affidavit mentions that when she inspected what U.S. Bank claimed

were the original note and mortgage during the litigation, she determined that her

signature was different and that the paper was different than the copy she received at

closing. She did not attach to her affidavit any of the copies she claimed to compare to

the alleged originals she inspected.

{¶18} The Tenth District Court of Appeals rejected a similar argument in *Fifth

Third Bank v. Jones-Williams*, 10th Dist. Franklin No. 04AP-935, 2005-Ohio-4070, ¶ 28-

29:

> In the Jones affidavit, appellant E. Paul Jones asserted that the
> promissory note and the mortgage "do not bear the bona fide signatures of
> E. Paul Jones and Deborah A. Jones-Williams." (Jones' Aff. ¶ 5.)
> Appellants did not present any additional evidence, other than this self-
> serving affidavit, in support of their argument that their signatures on the
> note and the mortgage were forged. For example, appellants could have
> provided affidavits from non-expert witnesses who were familiar with their

handwriting or an expert who could attest to the authenticity of their signatures. See Evid.R. 901. * * *

Based on the foregoing, we find appellants have not satisfied their reciprocal burden as the nonmoving party to identify evidence to demonstrate that any genuine issue of material fact regarding the validity of appellants' signatures must be preserved for trial.

{¶19} Likewise, we conclude that in the absence of corroborating evidence, Bobo's self-serving affidavit challenging the authenticity of her signature on the note held by U.S. Bank did not raise a genuine issue of material fact precluding summary judgment. Notably, Bobo admits that she "does not dispute that she signed a promissory note." We reject Bobo's first contention.

### B. Pooling and Servicing Agreement

{¶20} Next, Bobo claims that portions of U.S. Bank's PSA for its trust, which were attached to her affidavit, raised genuine issues of material fact about whether the promissory note and mortgage were properly assigned to U.S. Bank. She bases that claim upon the contention that the note and mortgage "were attempted to be transferred to the Trust after the closing date and in a matter that was in violation of the Trust's governing documents." Bobo does not dispute that she has defaulted on the note and mortgage.

{¶21} Citing several cases, U.S. Bank counters that Bobo lacks standing to raise these claims. "[A] defendant borrower in a foreclosure action lack[s] standing to challenge the validity of an assignment of a note and mortgage the borrower had executed where no dispute existed as to the fact that the borrower had defaulted on her payment obligations." *See JPMorgan Chase Bank, N.A. v. Romine*, 10th Dist. Franklin No. 13AP-58, 2013-Ohio-4212, ¶ 16, citing *LSF6 Mercury REO Invs. Trust Series 2008-*

*1 v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 29 ("The assignee bank filed the foreclosure complaint based on the homeowners' default under the note and mortgage, not because of the mortgage assignments, and the homeowners' default exposed them to foreclosure regardless of which party actually proceeded with foreclosure"), appeal not allowed, 134 Ohio St.3d 1470, 2013-Ohio-553, 983 N.E.2d 369; *see also Bank of New York Mellon v. Fromison*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 18, and cases cited therein ("the legal principle applied * * *—that a debtor may not challenge a mortgage assignment between an assignor and an assignee because the debtor is not a party to the assignment—has been applied in foreclosure actions in this district and in other courts applying Ohio law").

{¶22}  Under cases like *Romine*, 10th Dist. Franklin No. 13AP-58, 2013-Ohio-4212, ¶ 16 and *LSF6*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28-29, Bobo would lack standing to attack the validity of the transfer of the note.  But the Tenth District Court of Appeals subsequently limited its holdings in those cases so that in cases where R.C. Chapter 1303 applies, a debtor may challenge *the assignment of a note* if such a challenge fits the criteria of a denial, defense, or claim in recoupment as outlined in R.C. 1303.36 or 1303.35.  *Bank of America, N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 35; *see also Luper Neidenthal & Logan v. Albany Station, LLC*, 10th Dist. Franklin No. 13AP-651, 2014-Ohio-2906, ¶ 13.

{¶23}  Nevertheless, regardless of whether Bobo lacks standing to raise these contentions, "[w]hether *** the parties to the PSA failed to comply with the terms of the PSA is irrelevant to [the bank's] standing as the holder of the note.  By virtue of its possession of the note endorsed in blank, [the bank] was the holder of the note, and

thus was a person entitled to enforce the note under Ohio law. *See* R.C. 1301.01(T)(1) and 1303.31(A)(1)." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 62. Because U.S. Bank submitted a copy of the original note indorsed in blank with its complaint, Bobo's defense of an invalid assignment, which essentially contends U.S. Bank does not own the instruments, is irrelevant. Because U.S. Bank is a person entitled to enforce the instruments, the alleged noncompliance with the PSA does not subject her to the risk of having to pay twice for the same debt. *See Fromison* at ¶ 23, *see also generally, Pasqualone*.

{¶24} Therefore, Bobo's claims challenging the propriety of the assignment of the note and mortgage did not preclude summary judgment in the bank's favor.

### C. Allonge and Bankruptcy

{¶25} Bobo next contends that summary judgment was not appropriate because her affidavit indicated that an allonge to the original promissory note raised a genuine issue of material fact about whether the note was transferred to U.S. Bank by New Century after New Century had filed for bankruptcy. As previously noted there is a potential issue about whether Bobo has standing to attack the validity of the transfer of the note. *See Romine*, 10th Dist. Franklin No. 13AP-58, 2013-Ohio-4212, ¶ 16, as modified by *Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 35.

{¶26} Nevertheless, the allonge was also irrelevant because U.S. Bank had possession of the original promissory note indorsed in blank by New Century at the time it filed its complaint in foreclosure. "An entity which possesses a note indorsed in blank is a holder entitled to enforce the note." *Pasqualone* at ¶ 35, fn. 4; *Najar*, 8th Dist.

Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 62.  Therefore, even assuming that Bobo had

the requisite standing to raise this claim, the claim is meritless.

D.  Affidavit of Contract Management Coordinator

for Mortgage Loan Servicing Company

**{¶27}**  Bobo next asserts that the trial court erred in relying on the affidavit of

Flora Rashtchy, a Contract Management Coordinator for Ocwen Loan Servicing, LLC,

which serviced the mortgage loan to Bobo.  Bobo claims that Rashtchy's affidavit does

not demonstrate personal knowledge of the pertinent facts as required by *Wachovia*

*Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-

3202, because: (1) the affidavit does not attach the business records upon which she

relies; (2) she does not state that she had an opportunity to review the original

promissory note and compare it to the copy; and (3) she stated no reason why she was

not able to examine the original promissory note.

**{¶28}**  We recently set forth the applicable rules governing the Civ.R. 56(E)

requirement that an affidavit be made on personal knowledge:

> "To be considered in a summary judgment motion, Civ.R. 56(E) requires
> an affidavit to be made on personal knowledge, set forth such facts as
> would be admissible in evidence, and affirmatively show that the affiant is
> competent to testify to the matters stated in the affidavit." *Fifth Third Mtge.*
> *Co. v. Bell,* 12th Dist. Madison No. CA2013–02–003, 2013–Ohio–3678, ¶
> 27, citing Civ.R. 56(E); *see also Wesley v. Walraven,* 4th Dist. Washington
> No. 12CA18, 2013–Ohio–473, ¶ 24.  " 'Absent evidence to the contrary,
> an affiant's statement that his affidavit is based on personal knowledge will
> suffice to meet the requirement of Civ.R. 56(E).' " *Bell* at ¶ 27, quoting
> *Wells Fargo Bank v. Smith,* 12th Dist. Brown No. CA2012–04–006, 2013–
> Ohio–855, ¶ 16.  "Additionally, documents referred to in an affidavit must
> be attached and must be sworn or certified copies." *Id.,* citing Civ.R. 56(E).
> "Verification of these documents is generally satisfied by an appropriate
> averment in the affidavit, for example, that 'such copies are true copies
> and reproductions.' " *Id.,* quoting *State ex rel. Corrigan v. Seminatore,* 66

Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *see also Walraven* at ¶ 31 ("Civ.R .56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit with a statement contained in the affidavit that the copies are true and accurate reproductions.")

*JPMorgan Chase Bank, Natl. Assn. v. Fallon*, 4th Dist. Pickaway No. 13CA3, 2014-Ohio-525, ¶ 16.

**{¶29}** The affidavit at issue here sets forth the necessary information to satisfy the requirements of Civ.R. 56(E).  In her affidavit, Rashtchy specifically stated that (1) her affidavit was based on her personal knowledge of the facts contained there and her review of the pertinent mortgage loan servicing records, (2) she is familiar with the business records maintained by Ocwen Loan Servicing, LLC. for servicing mortgage loans, (3) the servicing records were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in the records, (4) the records were kept in the ordinary course of business, (5) U.S. Bank is in possession of the original executed note and mortgage, true copies of which have been previously filed in the case and which are attached to her affidavit, (6) she personally reviewed and independently verified Bobo's loan account, which reflected an unpaid principal balance due of $196,992.21 with interest of 8.59% per annum from September 1, 2011, (7) U.S. Bank exercised its option under the note and mortgage to accelerate and declare the unpaid balance due and payable, (8) a true and accurate copy of an assignment of the mortgage to U.S. Bank is attached, (9) the business records were kept in the normal course of business and the information contained in them was created at or near the time of the events described therein, (10) a true and accurate copy of the loan modification executed by Bobo is attached, and (11) an attached

payment history is a true and accurate representation of the activity on Bobo's loan account.

**{¶30}** Here, as in *Fallon*, the affidavit included statements from which it could be inferred that Rashtchy compared the original promissory note and mortgage and the other pertinent documents to the copies so she could attest that the copies attached to her affidavit were true and accurate. *See Parsons v. Thacker*, 4th Dist. Vinton No. 13CA692, 2013-Ohio-4770, ¶ 11, quoting *Deblasio v. Sinclair*, 7th Dist. Mahoning No. 08-MA-23, 2012-Ohio-5848, ¶ 50, quoting *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981)    (" ' "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions" ' "); *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549, ¶ 26 ("Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit [and] [t]he assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit").

**{¶31}** Moreover, Rashtchy's job as a mortgage loan servicing employee gave her personal knowledge of the pertinent facts. "Several appellate courts have found that, in a foreclosure action, the affidavit of a loan servicing agent employee with personal knowledge, provides sufficient evidentiary support for a summary judgment in favor of the mortgagee." *See Regions Bank v. Seimer*, 10th Dist. Franklin No. 13AP-542, 2014-Ohio-95, ¶ 19, and cases cited there.

**{¶32}** Bobo's reliance on *Wachovia Bank of Delaware, N.A.*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, is misplaced. In that case, the affidavit was insufficient to establish the bank's entitlement to foreclosure because the affiant "merely alleges she is an assistant secretary of [the bank], without elaborating on how her position with the company relates to or makes her familiar with the [mortgagor's] account records." *Id.* at ¶ 28. By contrast, Rashtchy specified how her position as contract management coordinator with the mortgage loan servicing company made her familiar with the pertinent mortgage loan account records.

**{¶33}** Therefore, the trial court did not err in relying on Rashtchy's affidavit.

### E. Standing to Bring Foreclosure Action

**{¶34}** In her final argument, Bobo claims that the trial court erred in granting summary judgment in favor of U.S. Bank because there remained genuine issues of material fact about whether the bank had standing to bring the foreclosure action. Bobo relies on (1) the allonge which purported to negotiate the promissory note to U.S. Bank after its foreclosure complaint was filed and (2) the assignment of the mortgage to U.S. Bank that was dated the same day that it filed its complaint, but was not attached to it. According to Bobo these documents raised an issue regarding whether U.S. Bank held the note and mortgage at the time it filed its complaint.

**{¶35}** Whether a party has established standing to bring an action before the court is a question of law, which we review de novo. *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23. Parties must have standing for a court to decide the merits of a dispute. *Utility Serv. Partners, Inc. v. Pub. Utilities Comm. of Ohio*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 586, ¶ 49.

Because standing to sue is required to invoke the jurisdiction of the common pleas court, standing is determined at the commencement of the action, and post-filing events that supply standing that did not exist on filing may be disregarded. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24-26. In a case decided after *Schwartzwald*, the Ohio Supreme Court observed that "[l]ack of standing *** challenges a party's capacity to bring an action, not the subject-matter jurisdiction of the tribunal." *See, Groveport-Madison Local Schools Bd. of Edn v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266; 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 25.

**{¶36}** A party has standing to sue if it has a personal stake in the outcome of the controversy. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 21. For foreclosure cases, standing revolves around whether the plaintiff seeking foreclosure has an interest in the note and/or mortgage at the time it filed suit. *Schwartzwald* at ¶ 28. In, *Schwartzwald* the mortgagee who sought foreclosure was neither an assignee of the mortgage nor a holder of the note the mortgage secured at the time it filed the complaint and only became holder of both after the complaint had been filed. The Supreme Court of Ohio held that because the mortgagee "failed to establish *an interest in the note or mortgage* at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court." *Id.* (Emphasis added.)

**{¶37}** Based on the language used in *Schwartzwald* at ¶ 28, the Sixth, Seventh, Eighth, Tenth, Eleventh, and Twelfth District Courts of Appeals have all held that the plain language of the Supreme Court's opinion requires that a plaintiff in a foreclosure action establish an interest only in the note *or* the mortgage at the time the suit is filed.

*See Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 11; *CitiMortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶ 15; *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21; *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 27; *Fed. Home Loan Mtg. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 24; *SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 16.

**{¶38}** Nevertheless, the First and Ninth District Courts of Appeals have held that the language used by the Supreme Court at ¶ 28 in *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, was not intended to decide the precise issue of whether standing in a foreclosure action could be established by proof that the plaintiff had an interest in the note or mortgage without having an interest in both because the mortgagee in that case admitted that it had an interest in neither the note or mortgage at the time it filed the foreclosure action. *HSBC Bank USA v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 17 ("The question of whether standing can be achieved by the filing of either document with the complaint was not presented by the facts of the case and was not necessary to the resolution of the issue presented"); *BAC Home Loans Servicing, LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 11 ("It is apparent that the Ohio Supreme Court did not consider this precise issue in *Schwartzwald* given that the bank had conceded that it was not the holder of the note or mortgage"). These courts follow longstanding pre-*Schwartzwald* authority to hold that an entity must have an interest in the note and mortgage at the time the foreclosure action is commenced to have the requisite standing. *Id.*

**{¶39}** We need not resolve the conflict regarding whether an interest in both the note and mortgage is required, however, because U.S. Bank established that it had an interest in both at the time it filed its complaint in foreclosure. The summary judgment evidence established that the bank had the requisite standing to bring the foreclosure action because it held the note at the time it filed the case by attaching the bearer paper indorsed in blank by New Century. The holder of a note is a person entitled to enforce it. R.C. 1303.31(A)(1). Under R.C. 1301.201(B)(21)(a), a holder includes "[t]he person in possession of a negotiable instrument payable either to bearer or to an identified person that is the person in possession." The note attached to U.S. Bank's complaint was bearer paper because it was indorsed in blank by New Century. U.S. Bank had possession of the note and attached a copy to its complaint. Consequently, the subsequent allonge, which appeared to renegotiate the note to U.S. Bank, was unnecessary and irrelevant to the bank's standing to institute the foreclosure action.

**{¶40}** Moreover, because U.S. Bank was entitled to enforce the note at the time it filed its foreclosure action, it also was the equitable holder of the mortgage regardless of whether it had been formally assigned the mortgage at the time of filing. It is well recognized in Ohio that the negotiation of a note operates as an equitable assignment of the mortgage even though the mortgage is not assigned or delivered. *Kernohan v. Manass*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895) (mortgage is a mere incident of the debt represented by the note so a transfer of the note by the owner will transfer equitable ownership of the mortgage); *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶ 12, and cases cited therein ("Ohio courts

have recognized that the mortgage automatically follows the note it secures"). *See also* R.C. 1309.203(G), which codifies the common law rule.

**{¶41}** Therefore, Bobo did not raise a genuine issue of material fact regarding U.S. Bank's standing to bring the foreclosure action.

## V.  CONCLUSION

**{¶42}** In order to foreclose a mortgage the complainant must establish execution and delivery of the note and mortgage, a default, and an amount due. *See, Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 10CA45, 2011-Ohio-2757, ¶ 15.  U.S. Bank supported its motion for summary judgment with evidence establishing the requirements for foreclosure of Bobo's property, and Bobo failed to meet her reciprocal evidentiary burden to raise a genuine issue of material fact.  The trial court thus properly entered summary judgment in favor of U.S. Bank.

**{¶43}** Therefore, we overrule Bobo's sole assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
         William H. Harsha, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**